13   373<br>76   549

JAMES W. ALLEN v. .I N. MITCHELL'S EX'TRIX.

It does not become necessary in this case to inquire under what circumstances a party who takes possession and makes permanent and valuable improvements under an executory contract for the sale of land, and who is dispossessed by reason of a defect of title in his vendor, will be entitled to compensation for his improvements. For it is clear that a party cannot claim such compensation where, without showing that there is in truth any defect in the title of his vendor, he elects to be dispossessed, rather than pay the purchase money. And such is the present case.

See this case for circumstances under which it was held that the vendor in an executory contract for the sale of land, was entitled to a cancellation of the contract and recovery of the land, without making compensation to the vendee for permanent and valuable improvements made thereon by the latter.

Appeal from Victoria. Action by the appellee against the appellant, to annul a contract of sale entered into by the appellant and appellee's testator. The contract appeared from the following instruments:

STATE OF TEXAS,   } Know all men by these presents, that *County of Victoria.* } I, Isaac N. Mitchell, of the county of Calhoun and State of Texas, for and in consideration of the sum

of two thousand one hundred and eighteen dollars, secured by note bearing even date herewith, payable two years after date, and bearing interest from date, I have this day sold to James W. Allen, of the County of Victoria and State of Texas, a certain tract or parcel of land situate in the County and State last mentioned, on the west side of the Guadalupe river, about five miles above the upper line of the town tract of Victoria, and bounded on its lower line by the land of I. N. Mitchell, Esq., on which he now lives, and on the upper line by the land of Wm. G. and D. D. Edgar, it being the same tract purchased by me from Thomas Simons and purchased by Simons from Phillip Dimitt's administrator, and a part of the headright league of Escalara; and I hereby bind myself, my heirs and executors, to convey the said tract of land containing 1059 acres, more or less, to the said Allen, his heirs, administrators or assigns, by good and sufficient warranty title, so soon as the purchase money, secured as above set forth, is paid.

In testimony whereof I have hereunto subscribed my name and affixed my seal, using scrawl for seal, this 9th day of January, 1852.

ISAAC N. MITCHELL, [L. S.]

Attest, J. J. Holt,
 Jo. H. Rogers.

Two years after date, I promise to pay to Isaac N. Mitchell or bearer, the sum of two thousand one hundred and eighteen dollars, with ten per cent. interest from date, it being the purchase money of a tract of land this day sold by said Mitchell to me.

Witness my hand this 9th day of of January, 1852.

JAMES W. ALLEN.

Test, Jo. H. Rogers,
 J. J. Holt.

The action was commenced on the 22d of February, 1854, and the petition alleged the breach of the contract on the part of the defendant, in the following terms: " Now, notwith-
" standing the said defendant has been often requested so to

" do, he has hitherto wholly failed and refused to pay the said " sum according to the terms of said contract, with interest, " or any part thereof." Prayer for a cancellation of the contract and for possession of the premises.

Defendant filed a general demurrer, March 10th, 1854, and an answer in which he denied that he had ever refused to pay the money, and alleged that he was ready to pay the same, and would have it in Court at the trial of the cause. Alleged improvements on the land, in clearing land and building cabins &c., of the value of $4000 ; and denied that the plaintiff had ever offered to make a deed of warranty as called for in the contract of sale, or that she could have made a deed without the intervention of the County Court, and alleged that but one Term of the Court had intervened between the time when the note fell due, and the institution of this suit. Prayer for a deed of general warranty upon payment of the purchase money.

Plaintiff excepted to the answer, and the exceptions being overruled, plaintiff amended his petition by praying that the defendant be ordered to pay the money within a reasonable time, or in default thereof, that the contract be cancelled, &c. The cause was thereupon continued, on the ground of surprise to the defendant.

At the next Term, Fall Term, 1854, the defendant filed an amended answer, in which he alleged that since the last continuance an action had been instituted by persons claiming to be the heirs of Escalara, to recover one-half of the Escalara league, including this land ; that plaintiff's intestate held by purchase from Phillip Dimitt, who had purchased from the widow of Escalara, professing to convey the whole league; and that it was, at best, doubtful whether the plaintiff could make title according to the contract, to all of the land, or to any part of that particular parcel; alleged that defendant knew nothing of such objection to the title when he made the . purchase, nor when he filed his answer at last Term; and prayed an order of the Court restraining further proceedings

in this case until the determination of the other suit ; and in case such restraining order could not be made, defendant joined in the prayer for a cancellation of "the title bond" and note for the purchase money, and prayed that defendant recover the value of his improvements and for general relief.

To this amended answer plaintiff excepted. The exceptions were "sustained so far as respects compensation for the value of improvements and the restraining order of the Court."

A jury was waived, and the case submitted to the Court upon the pleadings and testimony ; and thereupon it was decreed that "the bond" and note be cancelled and annulled, and that the plaintiff do have and recover possession, &c., and costs. No statement of facts.

*W. S. Glass*, for appellant. The assignment of errors presents two questions.

1st. Has the vendee in possession under an executory contract for the sale of land, who has made permanent and valuble improvements in good faith, without any knowledge of a defect in his vendor's title, the right to detain the purchase money, as against the vendor, until a suit instituted to eject him by a third party claiming to have a permanent title, is determined ? And,

2d. Is he entitled, upon a rescission of the contract and a restoration of the land to the vendor, because of the alleged defect of title, to compensation for his improvements ?

The record shows that a good and sufficient warranty title was to be made so soon as the purchase money should be paid. A Court of Equity could not decree the purchase money to be paid to the plaintiff, without at the same time decreeing title to be made to the defendant. But the allegations of the amended answer, admitted to be true by the demurrer, show that the plaintiff's title was involved (to say the best of it) in much doubt. Such a title the defendant could not be compelled

to accept, and the plaintiff alone being in fault, had no right either to the money or the possession of the land until the question of title could be settled. (Hancock v. Byrne, 5 Dana, 514; Beckwith v. Kunns, 6 B. Mon. 223; Dalzill v. Crawford, Parsons Select Equity Cases, p. 37.)

But whatever doubt there may be on this point, the defendant was certainly entitled to compensation for his improvements, or at least the excess of their value over the rents and profits. (Ewing's heirs, &c. v. Handley's Executors, 4 Litt. K. R. 346; Story's Eq. Ju. 55, par. 799, 1237, and notes; Sug. Vend. Ch. 22, Sec. 54, 55, with notes; Rawle on Covenants for Title, 330; Hart. Dig. Art. 3227, 3228.)

*Stockdale & Jones*, for appellee. The vendor in executory contracts for the sale of land has the superior right to the land to be conveyed, until the payment of the purchase money. If this is not paid at the time stipulated, and the vendee is in culpable default, the vendor may recover the land in ejectment or have the contract rescinded by a proceeding for that purpose. (Estes v. Browning, 11 Tex. R. 237; Dunlap v. Wright, Id. 597 and the authorities therein cited.)

The appellant was not entitled to the restraining order prayed in the amended answer. The facts charged, showed no sufficient ground for this equitable relief, especially when considered in connection with the previous proceedings in this cause.

If the purchase money had been paid, there being no fraud in the sale, and had the appellee been unable to make the title according to contract, the measure of the appellant's redress would have been the purchase money and interest. (Sedg. Meas. Dam. 183, *et seq.*)

Had the contract of sale been executed by the payment of the purchase money and the execution of a warranty deed, and suit instituted by third parties for the land, appellant could only recover after eviction, and then only the purchase

money, interest and the costs of the litigation in regard to the title. (Sedg. 158, 162–3, 170.)

WHEELER, J. It does not become necessary in this case to inquire under what circumstances a party who takes possession and makes permanent and valuable improvements under an executory contract for the sale of land, and who is dispossessed by reason of a defect of title in his vendor, will be entitled to compensation for his improvements. For it is clear that a party cannot claim such compensation, where, without showing that there is in truth any defect in the title of his vendor, he elects to be dispossessed, rather than pay the purchase money. And such is the present case.

In his original answer the defendant professed readiness to execute the contract on his part by paying the purchase money ; but when the plaintiff accepted his proposition, he alleged surprise, and asked and obtained a continuance. After such evident prevarication, a Court of Equity would not be disposed to regard with favor his application to stay proceedings, or his claim of compensation for improvements. But the only ground on which he rests his claim, is what he says are the claims and pretensions set up by certain persons in another suit ; without averring that those claims and pretensions are well founded. If the grounds on which the defendant seeks to stay the proceedings, or have compensation for his improvements, were sufficient to obtain such relief, it would only be necessary that the defendant in possession, collusively, should cause a suit to be brought by some third person, who would set up claims and pretensions impugning his vendor's title.

We think the Court very properly refused to stay proceedings or to entertain the defendant's claim for compensation for improvements upon the circumstances of this case. The judgment is affirmed-

Judgment affirmed.