WILLIAM BAUGH, ADMINISTRATOR, v. J. M. GEISELMAN.

Decided March 7, 1900.

**Error—Suit by Administrator—Testimony of Party.**

To render harmless the error of permitting defendant, in an action by an administrator, to testify to transactions with the decedent, other testimony establishing the same defense must be conclusive.

ERROR to the County Court of Harris. Tried below before Hon. E. H. VASMER.

*Hutcheson, Campbell & Myer,* for plaintiff in error.

*E. P. Turner,* for defendant in error.

KEY, ASSOCIATE JUSTICE.—The plaintiff Baugh, as administrator of the estate of Albert Erichson, deceased, brought this suit against the defendant Geiselman on a promissory note. The defendant pleaded payment, alleging that before the death of Erichson the latter owed him upon open account $371.50, and that a settlement was had between them by which the note was paid and Erichson paid defendant the balance due on the account. He also pleaded the account as a counterclaim to the plaintiff's demand.

There was a nonjury trial resulting in a judgment for the defendant, and the plaintiff has brought the case up for revision.

Over objection of the plaintiff, the court permitted the defendant Geiselman to testify to a transaction between him and Erichson, by which the note sued on was settled in the manner set up in the defendant's answer. That this ruling contravened the statute is obvious.

Rev. Stats., art. 2302; Potter v. Wheat, 53 Texas, 408; McCampbell v. Henderson, 50 Texas, 603; Parks v. Caudle, 58 Texas, 221; Heard v. Busby, 61 Texas, 14; Simpson v. Brotherton, 62 Texas, 170. In fact, counsel for the defendant does not undertake to sustain the ruling of the trial court in admitting this testimony; but contends that the uncontradicted and unimpeached testimony of other witnesses supports the judgment; and therefore, the case having been tried before the court without a jury, the judgment should not be reversed.

We have examined the testimony referred to, in connection with all the other evidence, and do not think that either defense set up was so conclusively established by the other testimony as to render harmless the ruling referred to.

The judgment of the county court will be reversed and the cause remanded for another trial.

*Reversed and remanded.*