J. P. ATTEBERRY, ADMR., v. A. G. BURNETT ET AL.

Decided December 12, 1908.

**Vendor and Vendee—Superior Title of Vendor—Descent to Heirs.**

The superior title which remains in the vendor of land, where the vendor's lien is expressly reserved in the deed to secure the purchase money note given therefor, descends upon the death of the vendor to his heirs, and will, when conveyed by them to an assignee of such note after it is barred by the statute of limitation, support an action of trespass to try title by him to recover the land.

Appeal from the District Court of Hunt County. Tried below before Hon. T. D. Montrose.

*Yates & Carpenter* and *Atteberry & Peak,* for appellant.

*Neyland & Neyland,* for appellees.—Where there is a sale of land, partly or wholly on a credit, and a lien is expressly reserved to secure the payment of the note by the purchaser, and the vendor sells the notes without conveying his interest in the lands, the vendor then holds the superior title as a limited trustee for the benefit of the assignee and he ceases to retain any property right interest in the land personal to himself. Douglass v. Blunt, 95 Texas, 382; Farmers Loan Co. v. Beckley, 93 Texas, 267; McCamly v. Waterhouse, 80 Texas, 340; Russell v. Kirkbride, 62 Texas, 457; Brotherton v. Anderson, 27 Texas Civ. App., 587; Willis v. Sommerville, 93 Texas, 677.

After the transfer of the note by the vendor he occupies the position of limited trustee, then when the vendor dies no descendable interest vests in his heirs and a deed from the heirs conveyed no such title to the land as would support an action of trespass to try title, and the court did not err in sustaining defendants' demurrer. Douglass v. Blount, 95 Texas, 382; Farmer's Loan Co. v. Beckley, 93 Texas, 267; McCamly v. Waterhouse, 80 Texas, 340; Russell v. Kirkbride, 62 Texas, 457.

TALBOT, ASSOCIATE JUSTICE.—Atteberry, as the administrator of the estate of O. W. Spradling, deceased, instituted this suit against the appellees, Mrs. A. G. Burnett, W. F. Jones and F. M. Newton, on the 19th day of January, 1907. The original petition, omitting its formal parts, is as follows:

"That on or about the 1st day of August, 1905, O. W. Spradling departed this life, and that thereafter, to wit: on the 7th day of September, 1906, letters of administration on the estate of said O. W. Spradling were duly granted to J. P. Atteberry, plaintiff, by the County Court of Hunt County, Texas, and that thereupon plaintiff duly qualified as such administrator. That administration of the estate of said O. W. Spradling is still open and pending. And that plaintiff and defendants all reside in Hunt County, Texas. That heretofore, to wit: on the 10th day of February, 1898, that the defendant, Mrs. A. G. Burnett, executed and delivered to C. A. Langford and A. Cameron her certain promissory note for $1025, payable at Greenville, Texas, both principal and interest. Said note was due on or before the first day of January, 1899, with interest from its date until paid at the rate of ten percent per annum, the interest payable annually as it accrues, for value received. This note was given as part payment for a certain lot or parcel of land, situated in the city of Greenville, Hunt County, Texas, and being a part of the Epps Gibbons survey, and being the east half of a tract of land deeded by T. A. Ball to W. A. Mowery, January 6, 1887, deed recorded in Book Q., 1, page 354, Hunt County deed records, and bounded as follows; Beginning at the S. E. corner of said tract

deeded by T. A. Ball to W. A. Mowery; thence north with E. B. line of same, 86 vrs.; thence west with N. B. line of same, 37½ vrs.; thence south, 86 vrs.; thence east, 37½ vrs. to beginning. And it was agreed that if this note is placed in the hands of an attorney for collection, or if collected by suit, that said A. G. Burnett is to pay ten percent additional as attorney's fees, both on principal and interest. That this note was given for a part of the purchase money of the above described premises, and to secure the payment of the said note a vendor's lien was expressly retained on said land as shown in deed of conveyance, bearing even date of said note, from C. A. Langford and wife, E. C. Langford, and said A. Cameron ·to said Mrs. A. G. Burnett. That said note was before maturity transferred and delivered to said O. W. Spradling for° a valuable consideration, whereby said O. W. Spradling. became the legal owner and holder of said note. After the transfer of said note as aforesaid, said A. Cameron and C. A. Langford departed this life; said A. Cameron leaving all interest he held in the above described land to his surviving widow, P. A. Cameron, and said C. A. Langford leaving as his only heirs J. D. Langford and his surviving widow, Mrs. E. C. Langford, both of whom were twenty-one years of age on the twelfth day of January, 1907, and long prior thereto. On the last date above mentioned there was no administration pending nor any necessity for one on the estate of either said A. Cameron or said C. A. Langford. That on January the 12th, 1907, said J. D. Langford, Mrs. E. C. Langford and Mrs. P. A. Cameron executed a deed to J. P. Atteberry, administrator, plaintiff, conveying all their right, title and interest to said J. P. Atteberry, administrator, in the above described premises. That when said note was executed said F. M. Newton endorsed the above described note, thereby becoming responsible for the payment of the same. That defendants, though often requested, have never paid said note, but a part thereof, as follows: On January 2, 1899, $558.05; April 12, 1901, $75; June 17, 1901, $107.50; · October 24, 1901, $100; but the balance or remainder of said note remains still due and unpaid, to plaintiff's damage $725, and defendants still refuse and fail to pay said balance. That said W. F. Jones is setting up some kind of a claim to the above described land, which is a cloud on the title to plaintiff. Wherefore, he prays that defendants be cited to answer this petition that he have judgment for his debt, interest and costs of suit, and a ten percent additional as attorney's fees, and for the foreclosure of his lien, on the above described premises, and that they be decreed to be sold according to law; that the sheriff or other officer executing said order of sale, shall place the purchaser of the property sold under the same in possession thereof, within thirty days after the date of sale; and for general and equitable relief. But if the court should hold that plaintiff's note is barred by limitation, then plaintiff prays in the alternative for rescission of said sale and to recover said land from said defendants, and that all rights and title of said defendants be divested out of them and be vested in this plaintiff, and that all cloud be removed from plaintiff's title; and for such other and further relief as the court may deem right in law and equity."

The defendant, Mrs. Burnett, answered by a general demurrer, general denial and plea of the statute of limitation of four years in bar of the note sued on. The defendant, Newton, answered, confessing liability on said note. The defendant, Jones, pleaded a general demurrer, general denial, not guilty, and, among other things, that he became the owner in fee simple of the title to the land described in the plaintiff's petition March 30, 1899, and had held peaceable and adverse possession, etc., of the same under a deed duly recorded for more than five years, next before the commencement of this suit. He prayed that plaintiff take nothing and that he be quieted in his title to the land.

By supplemental petition appellant, after several special exceptions to appellee Jones' answer, pleaded that in his capacity as administrator as aforesaid, he was on, to wit: the — day of April, 1899, lawfully seized and possessed of the land in his original petition described, holding the same in fee simple; that on the day and year last aforesaid, the defendants entered upon said premises and ejected the plaintiff therefrom, and unlawfully withheld the possession thereof from this plaintiff, to his damage in the sum of $100. Wherefore, he prays as in his original petition, and that in the event the court should sustain the defendant's, Mrs. Burnett's, pleas of limitation as to said note, he prays for cancellation and rescission of the contract of sale and for restitution of said premises, for costs of suit, and all other relief, both general and special, to which he may be entitled in the premises.

A trial by the court without a jury resulted as follows: Judgment in favor of plaintiff against F. M. Newton for the sum of $748.97, and in favor of Mrs. Burnett and Jones, that plaintiff take nothing as against them on the note sued on, and that they recover their costs. The general demurrers of Mrs. Burnett and W. F. Jones to that portion of the plaintiff's petition seeking to rescind the sale of the land and to recover the same, were sustained, and plaintiff refusing to amend it was held that Jones was the owner of the land and judgment was rendered divesting all title out of plaintiff, Atteberry, as administrator of the estate of Spradling, deceased, and investing the same in Jones. From the judgment thus rendered appellant has appealed to this court and assigns the following errors:

First, that "the court erred in sustaining the general demurrer of defendant, W. F. Jones, to plaintiff's petition, filed herein;" second, "that the court erred in holding that the superior title of the land in controversy held by C. A. Langford and A. Cameron did not descend to their heirs at their death, and that same could not by said heirs be transferred to plaintiff."

As is apparent, the controlling question arising on the appeal and the only one discussed in the briefs, is whether or not the superior title which remains in the vendor of land, where the vendor's lien is expressly reserved in the deed to secure the purchase money note given therefor and which note has been assigned to a third party descends upon the death of the vendor to his heirs, and will, when conveyed by them to the assignee of such note after it is barred by the statute of limitation, support an action of trespass to try title

by him to recover the land? We think this question should be answered in the affirmative.

It is well settled that when, on the sale of land, all or a part of the purchase money is not paid and the vendor's lien is retained in the deed or in the notes given for the deferred payments, the title to the land does not vest in the vendee. In such case the contract is executory, the superior title remains in the vendor and does not pass to the vendee, except upon a compliance by him with the terms of the contract. If the vendee makes default, the vendor may, at his election, rescind the contract and recover the land, or he may affirm the contract and have judgment for his debt with a foreclosure of the vendor's lien. If he sues on the note with a prayer for a foreclosure of his lien after the expiration of four years from the maturity of the note, and the statute of limitation is invoked, he may still rescind the contract and upon a proper amendment of his pleadings sue and recover the land. It is also equally well settled that the assignee of a vendor's lien note, such as we have referred to, can not maintain a suit to recover the land, unless, in addition to the assignment of the note, he has procured the superior title to the land which remained in the vendor. His only remedy, as mere assignee of the note, is a suit upon the note with a foreclosure of the vendor's lien upon the land. By the transfer of the note to him he acquires no interest in the land, and the vendor holds the legal title to the land in trust for him only in a limited or qualified sense, that is, as said in Loan and Trust Co. v. Beckley, 93 Texas, 267, "The trust in favor of the assignee, under the decisions of our court, goes only to the extent that the assignor can not dispose of the legal title so as to defeat the lien of the assigned note." (Russell v. Kirkbride, 62 Texas, 455.) But if the assignee of such note secures from the vendor a conveyance of the land, even after the note has become barred by the statute of limitation, he may then, if the note is not paid, recover the land as the vendor might have done as the original holder of such note. Decisions, beginning with Browning v. Estes, 3 Texas, 463, bearing on the propositions will be found in very many volumes of our reports.

White v. Cole, 87 Texas, 500, was a case in which the vendor of the land had assigned a note executed for a part of the purchase money. This note was assigned by the vendor to Mrs. White, and subsequently and after the note was barred by limitation the vendor also conveyed to her, by quitclaim deed, all his right, title and interest in the land. Suit was brought on the note by Mrs. White and to foreclose the lien. The defendant pleaded the statute of limitation, whereupon Mrs. White amended her pleadings and by an action of trespass to try title sought to recover the land. It was held that the superior title passed by the deed from the original vendor and vested in Mrs. White, notwithstanding such conveyance was not made at the date of the assignment of the note, but after the note had become barred by the statute of limitation, and that Mrs. White, holding both the note and legal title, could recover the land. The court said, in effect, that the deed from the vendor of the land to the vendee was, under the settled law of this State, a mere contract to

convey, leaving the vendor the holder of the legal title to the land and the lien for security of the note; that the vendee having forced Mrs. White, by limitation, to rescind the contract and assert her superior title in a suit of trespass to try title, and having in such suit joined issue and rested his case upon a question of title without offering to perform his part of the contract, he can not complain that judgment was rendered against him for the land. Citing Hamblen v. Folts & Walsh, 70 Texas, 133, and Stone Land & Cattle Co. v. Boon, 73 Texas, 551.

Nor can the vendee in an executory contract of the character under consideration, or those holding through him, acquire title to the land sold, except by payment of the purchase money. Until such payment the legal title remains in the vendor, unless conveyed by him, who holds it as a security for the performance of the vendee's obligation and to a certain extent as the trustee for the vendee, subject to such performance. After default by the vendee, however, in the payment of the purchase money, the title remaining in the vendor becomes the superior legal and equitable title, and, as we have seen, will support an action of trespass to try title by him, if he has not parted with such title, to recover the land; or if conveyed by him to the assignee of the purchase money note, will enable such assignee to maintain such a suit. (White v. Cole, *supra.*) This being true, it seems to irresistibly follow that if the vendor dies before conveying such title it will descend to and vest in his heirs to be held or disposed of by them, in the same manner as the vendor might have dealt with it in his lifetime. (McCord v. Hames, 38 Texas Civ. App., 239; Hamblen v. Folts & Walsh, *supra;* 3 Pomeroy's Equity, (3d ed.), sec. 1261; 1 Perry on Trust (5th ed.), sec. 342.) We therefore hold that according to the allegations of appellant's petition as set out in the former part of this opinion the title to the land in controversy descended upon the death of C. A. Langford and A. Cameron to their respective heirs, with the right in them to enforce or convey it under the same circumstances as their ancestors might have done. That had their said ancestors lived they could have conveyed said title to appellant, as the holder of the note in question, so long as said note remained unpaid, and having died their heirs could do likewise. That appellant being the holder of said note according to the allegations of his petition, as the administrator of the estate of O. W. Spradling, deceased, and the heirs of Langford and Cameron having conveyed to him the land in controversy, and the appellees having pleaded the statute of limitation in bar of said note, he showed a cause of action for the recovery of the land, and the court erred in sustaining the demurrer of which complaint is made in this court.

We do not understand that the case of Douglass v. Blount, 95 Texas, 369, or any other decision of our Supreme Court, is in conflict with the conclusion we have reached. The precise question here decided was not involved in that case, and any remarks therein, apparently inconsistent with the views we have expressed, must be understood as having been made with reference to the particular facts of that case.

The judgment of the court below is reversed and the cause remanded.

Appellees' motion for a rehearing presents no good reason for a departure from our original opinion, and will be overruled. Furthermore, upon the filing of said motion we certified the questions involved to the Supreme Court of the State for decision, and that court, as shown in its opinion, written by Associate Justice Brown, reached the same conclusion arrived at by this court. (102 Texas, 118.)

*Reversed and remanded.*