NOBLETT v. HARPER.

(Court of Civil Appeals of Texas. April 13, 1911.)

1. VENDOR AND PURCHASER (§ 251*) — PURCHASE PRICE—SECURITY—VENDOR'S LIEN.

In every case of a sale of real estate, where the purchase money is not paid, a lien exists by operation of law in favor of the vendor to secure payment of the price, unless it is otherwise agreed by the parties, either expressly or by acts showing that the lien was not intended to be retained.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 624–635; Dec. Dig. § 251.*]

2. VENDOR AND PURCHASER (§§ 266, 281*)— VENDOR'S LIEN—WAIVER.

The taking of security on chattels or other things by a vendor, if unexplained, is an implied waiver of a vendor's lien; but the presumption of waiver from the taking of other things is only an inference of fact, and may be rebutted by evidence that such was not the intention of the parties.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 687, 713–750; Dec. Dig. §§ 266, 281.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

3. VENDOR AND PURCHASER (§ 281*) — VENDOR'S LIEN—BURDEN OF PROOF.

In a suit to enforce a vendor's lien, the defendant having shown a prima facie waiver by proof of a taking of security, the burden is shifted to the vendor to establish that no waiver was intended.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 792–794; Dec. Dig. § 281.*]

4. TRIAL (§ 194*)— INSTRUCTIONS — VENDOR'S LIEN—WAIVER—WEIGHT OF EVIDENCE.

In a suit to enforce an alleged vendor's lien, the court charged that the burden was on plaintiff to show by a preponderance of the evidence that there was an implied lien on the lands described in the petition, and that the lien taken by plaintiff on certain personal property was not intended or understood to be a waiver of the vendor's lien on the land. *Held* objectionable, as a charge on the weight of the evidence, in requiring the jury to assume that it was the apparent intention of the parties to release the lien and rely only on the personal property as security, and as singling out the mere act of taking security on personalty, and charging on that in such a manner as to cause the jury to attach undue weight thereto.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 439–466; Dec. Dig. § 194.*]

5. TRIAL (§§ 194, 296*) — INSTRUCTIONS — WEIGHT OF EVIDENCE.

Any charge as to a presumption arising from a given state of facts, except in those cases in which the law raises a conclusive presumption, is a charge on the weight of the evidence, and reversible error, though other parts of the charge may have been correct.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 439–466, 705–718; Dec. Dig. §§ 194, 296.*]

Appeal from District Court, Wilbarger County; S. B. Huff, Judge.

Action by A. J. Noblett against J. A. Harper. From a judgment for plaintiff on certain notes, but denying the validity of a certain vendor's lien, plaintiff appeals. Reversed and remanded.

Hall & McGhee, for appellant. Cook & Cook, for appellee.

LEVY, J. Appellant by purchase became the owner of the two notes executed by appellee, and brought suit, averring that they were given as a part of the purchase money for certain land. Appellee, answering, admitted his personal liability on the notes, but denied that they were a part of the purchase money of the land, and specially pleaded, if in fact they were given as a part of the purchase money for the land, that the vendor, at the time the notes were given and delivered, waived and relinquished the vendor's lien as security, and accepted in lieu thereof security on a margin in 14 bales of cotton. In a jury trial, verdict was for appellee on the issue of waiver of lien.

The testimony is conclusive that the notes were a part of the purchase money for the land, but is conflicting as to whether there was a waiver of the vendor's lien on the

land at the time by the vendor and appellee. The notes, nor deed, did not recite a lien on the land for these notes. The notes on their face recited: "It is agreed that this note is secured by a margin on 14 b. c. in warehouse owned by the indorser [maker] hereof." The testimony of the vendor was that this security was merely additional, and that the lien on the land was not waived, or intended to be waived, by the parties. The appellee's testimony was that it was agreed that this security was to be instead of any lien on the land.

[1] By the second assignment error is predicated upon the following portion of the court's charge: "The burden is on the plaintiff, Noblett, to show by a preponderance of the evidence that there was an implied lien on the land described in plaintiff's petition, and that in taking the lien on the margin in said cotton that it was not intended and understood by the parties to be a waiver of the vendor's lien, or implied lien, for the unpaid purchase money on the land." It is the settled law that in every case of sale of real estate, where the purchase money is not paid, a lien exists by operation of law in favor of the vendor to secure the payment, unless it be otherwise agreed by the parties, either expressly or by acts showing that the lien was not intended to be retained.

[2] And it is the established rule that the taking of security on chattels or other things, if unexplained, by the vendor, is evidence of an implied waiver of a vendor's lien. But the presumption of abandonment or waiver of the vendor's lien from the taking of other security is only an inference of fact, and is open to rebuttal by evidence that such was not the intention of the parties. Ellis v. Singletary, 45 Tex. 27; Flanagan v. Cushman, 48 Tex. 241. So by this is deducible the rule that, upon proof that the purchase money was not paid, a lien on the land by operation of law exists in favor of the vendor.

[3] But upon proof of the taking of other security there then exists prima facie evidence of the waiver of the vendor's lien. And unless the prima facie evidence of waiver is rebutted by the vendor by satisfactory evidence that it ought not to have that effect, the vendor cannot enforce the lien on the land. This is a rule of evidence casting the burden of proof on the whole case on the plaintiff in the case, and on the defendant in the first instance the onus of proving that the vendor agreed to waive the lien. It is the rule of evidence that, upon proof that the purchase money was not paid, prima facie the lien exists; and it lies on the vendee, in order to escape judgment of foreclosure of the lien, to show that the vendor agreed to waive it. Briscoe v. Bronaugh, 1 Tex. 326, 46 Am. Dec. 108; Irvin v. Gar-

ner, 50 Tex. 48; Brown v. Christie, 35 Tex. 689. And the burden of the whole case, under the circumstances here, is upon the vendor. Cresap v. Manor, 63 Tex. 485; Faver v. Robinson, 46 Tex. 204.

[4] The objection to the charge is that it erroneously cast the burden on appellant as to the waiver of the lien on the land. Doubtless the court intended by the instruction to merely cast the burden of proof upon appellant on the whole case. It is doubted that the verbiage was apt to support that intention, and not subject to the objection offered. And in the light of the testimony the charge, it must be said, was especially prejudicial error. It operated as a charge on the weight of evidence, by requiring the jury to presume that it was the apparent intention of the parties to release the lien and rely only on the cotton margin as security. And in effect, in singling out the mere act of taking security on the cotton margin, that particular part of the evidence was stressed before the jury, and they were required to attach weight and value to that single act, against appellant. As said in the case of Flanagan v. Cushman, supra, in respect to taking other security: "If the purchase money is unpaid, it will not be presumed that the lien is waived or abandoned, if, in view of the entire transaction, it appears that it was not the intention to release the land and to rely upon other security." When sufficiency of circumstances to establish a fact is an issue, an instruction which tells or operates to tell the jury what might be presumed is on the weight of evidence, and an unwarranted invasion of the province of the jury.

[5] As said in the case of Heldt v. Webster, 60 Tex. 207: "Any charge as to a presumption arising from a given state of facts, unless in those cases in which the law raises a conclusive presumption, is in the nature of things is a charge on the weight of evidence, and, although other parts of the charge given may have been correct, such an error will require a reversal of the judgment." There was testimony by appellant going to explain the taking of the security on the cotton margin, and by such testimony the jury could have found that the taking of such security was as additional security to the land itself. So, in view of the explanation of the taking of the security, a sufficiency of the circumstances to establish the fact of waiver of the lien on the land was for the jury, and the decision of the fact by them should have been without intimation from the court of what presumption could attach from any single act in evidence. As seen, it could not be said that the instruction was harmless; and because of the error the judgment must be reversed.

The judgment is ordered reversed, and the case remanded for another trial.