PEREZ et al. v. MAVERICK. (No. 5941.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 9, 1918. On Motion for Rehearing, April 3, 1918.)

1. CANCELLATION OF INSTRUMENTS ⬅️37(8)—PETITION—SUFFICIENCY.

In suit to rescind an executory contract for the sale of land on the ground that the purchase-money note had not been paid, plaintiff's petition, which did not disclose that any portion of the purchase money had been paid, but which clearly alleged that the superior title was in him, and that defendants unlawfully entered the premises and ejected plaintiff, and were withholding from him the land, stated a cause of action, though not alleging offer to return or notice of intent to rescind.

2. VENDOR AND PURCHASER ⬅️119—RESCISSION—TIME.

In suit to rescind an executory contract for the sale of land on the ground that the purchase-money note, secured by a vendor's lien reserved in the deed, had not been fully paid, although Vernon's Sayles' Ann. Civ. St. 1914, art. 5694, provides that purchase money will be conclusively presumed to have been paid 4 years after maturity of indebtedness where the right to rescind matured February 23, 1881, a petition filed November 16, 1914, was within time in view of article 5695, providing that the owners of all notes secured by vendor's liens reserved in deeds, executed prior to July 14, 1905, and which are more than 4 years past due when this act takes effect, shall have 12 months after this act takes effect in which to bring suit; such statute extending time in present case to November 19, 1914.

3. WITNESSES ⬅️159(2)—TRANSACTIONS WITH PERSONS SINCE DECEASED.

In a suit against heirs to rescind a contract for the purchase of land on the ground that the purchase-money note had not been paid, plaintiff could not testify in his own behalf that the balance of the note had never been paid, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, as to evidence of transactions with a deceased party in action against heirs.

4. APPEAL AND ERROR ⬅️913—APPEARANCE OF UNKNOWN HEIRS—PRESUMPTION.

Where plaintiff made the unknown heirs parties defendant, as provided by Vernon's Sayles' Ann. Civ. St. 1914, art. 1875, it must be presumed on appeal that the unknown heirs appeared and answered where the attorney sign-

ed the answer as the answer of all defendants, and the court did not appoint an attorney ad litem to represent unknown heirs, as required by article 1941, where they do not appear.

5. APPEAL AND ERROR ⬅️1048(2)—ADMISSION OF INCOMPETENT TESTIMONY — REVERSIBLE ERROR.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, providing that the survivor should not be allowed to testify in his own behalf as to any transaction with deceased in suit against heirs in suit to rescind a contract for purchase of land on the ground that the purchase-money note had not been paid in full, permitting plaintiff to testify over objection that the balance of the note had never been paid, was reversible error, where it appeared from the face of the note introduced in evidence that it was more than 30 years past due; the legal presumption in such case being that the note had been paid.

6. CANCELLATION OF INSTRUMENTS ⬅️50—WAIVER OF RIGHT TO RESCIND—QUESTION OF FACT.

In a suit against heirs to rescind a contract for purchase of land on the ground that purchase-money note had not been paid in full, where, under the law, plaintiff owned the superior title until the purchase money was paid in accordance with the contract in evidence, whether he waived the right to rescind was a question of fact to be determined from all the evidence.

7. APPEAL AND ERROR ⬅️931(7)—FAILURE TO SUBMIT ISSUE—PRESUMPTION.

Where failure of court to submit question whether plaintiff had waived his right to rescind was not complained of, it will be presumed on appeal that the court resolved such issue in favor of plaintiff, who procured judgment.

8. CANCELLATION OF INSTRUMENTS ⬅️59—RESCISSION BY VENDOR—RIGHT OF PURCHASER.

In a suit against heirs to rescind a contract for the purchase of land for failure to pay all of purchase-money note, where defendants averred no equitable relief further than that permanent and valuable improvements were put on the land and prayed for the value of such improvements only, the judgment was not erroneous for failure to award to defendants the portion of the purchase money paid and the value of the improvements.

9. TRIAL ⬅️194(1)—INSTRUCTIONS—INVADING PROVINCE OF JURY.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, providing that the judge shall not charge or comment on the weight of the evidence, the court properly refused to instruct upon the relative importance of surrounding circumstances and inferences, or to call attention to the evidence thereof.

10. CANCELLATION OF INSTRUMENTS ⬅️50—IMPROVEMENTS MADE IN GOOD FAITH.

In suit by vendor to rescind contract for sale of land for failure to pay all of purchase-money note, where plaintiffs answered that note had been fully paid, and that they had in good faith made valuable improvements, whether defendants believed the purchase money had been fully paid was properly submitted.

11. APPEAL AND ERROR ⬅️230—GROUNDS FOR REVIEW—TIMELY OBJECTIONS AND EXCEPTIONS.

Error as to court's charge upon burden of proof, not being presented as required by Vernon's Sayles' Ann. Civ. St. art. 1971, requiring objections before charge is read to jury, the court on appeal is without authority to review the question.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On Motion for Rehearing.

12. CANCELLATION OF INSTRUMENTS ☞43—
ISSUES RAISED BY ANSWER OF NOT GUILTY.
In suit by vendor to rescind contract for sale of land for failure to pay all of purchase-money note, defendants' answer, alleging not guilty, raised issues of waiver and laches.

13. CANCELLATION OF INSTRUMENTS ☞47—
RIGHT TO RESCIND—WAIVER—EVIDENCE.
In suit by vendor to rescind contract. for sale of land defended on the ground of waiver, evidence *held* to warrant finding for plaintiff on issue of waiver.

14. TRESPASS TO TRY TITLE ☞25—DEFENSE OF LACHES—AVAILABILITY.
In trespass to try title founded upon legal and not equitable title, laches was no defense; defense of laches being applicable only to suits in equity.

15. PAYMENT ☞66(5) — PRESUMPTION — EVIDENCE.
The presumption of payment of note created by long lapse of time is only prima facie, and other evidence relating to issue of payment, together with the long lapse of time, is to be considered by the jury in determining such issue.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by W. H. Maverick against Alejo E. Perez and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

W. W. King, of San Antonio, for appellants. Templeton, Brooks, Napier & Ogden, of San Antonio, for appellee.

SWEARINGEN, J. W. H. Maverick, appellee, brought this suit to rescind an executory contract of sale of 140 acres of land made by him in 1880. The rescission was sought because the purchase-money note secured by vendor's lien reserved in the deed had not been fully paid. The defendants were Alejo E. Perez, Henry Perez, Edmund Perez, Mary M. Perez, Gertrudes Perez, Arturo Perez, Rudolph Perez, and the unknown heirs of Alfredo S. Perez, deceased, and also the unknown heirs of Juana Navarro y Alsbury, deceased. A jury answered special issues submitted to it, upon which judgment was rendered for the appellee.

The petition alleges that on February 23, 1880, appellee made, executed, and delivered to Juana Navarro y Alsbury, deceased, a deed to the described 140 acres of land, which deed expressly retained the superior title in appellee until a purchase-money note for $700 was paid. The note was dated February 23, 1880, and by its terms became due one year from its date, and bore 12 per cent. interest per annum from its date. Failure to fully pay the note was alleged, as was the fact that appellee had exercised his option to rescind the sale because of failure to pay the note. It was further alleged that because appellee had exercised his option to rescind, he owned the superior title, and was entitled to the possession of the land which was wrongfully withheld from him by the appellants. The prayer was for judgment canceling the deed,

and for title, for possession of the land, for writ of restitution, and judgment for damages of $5,000, and costs of suit, and for such other relief, both special and general at law and in equity, to which he may be justly entitled. Appellants answered by a general demurrer, a special exception that the petition showed the cause was barred and a general denial. Appellants specially answered that the note was fully paid, and that in good faith they had made permanent and valuable. improvements on the land, which were itemized and averred to be of the value of $2,465, for which sum judgment was asked in the event of judgment in favor of appellee for the land.

The evidence discloses that appellee executed a deed for 140 acres of land to Juana Navarro y Alsbury, February 23, 1880, in consideration of a note for $700 of same date, payable one year thereafter. A vendor's lien was retained in the deed to secure the payment of the note. The note bore 12 per cent. interest per annum from its date. On the same day the note was dated, viz. February 23, 1880, a payment of $575 was made and credited on the note, leaving a balance due February 23, 1880, of $125. On May 9, 1882, a payment of $15 was made and accepted on the note, and on the same day $33.75 was paid as interest on the $125 balance due on the note for the period from February 25, 1880, to May 9, 1882, and on the $110 from May 9 to May 23, 1882. This interest was in excess of the contract and lawful rate, which was 12 per cent. Thereafter, on November 11, 1886, a third payment of $40 was made and accepted, and on the same day $61 was paid as interest on the balance of the note, which was. in excess of the contract and legal rate. After this last payment of November 11, 1886, there was less than $68, balance due on the note. When the deed was executed and the $575 paid on the note, appellants went into possession of the land, used it for their homestead, and placed on it improvements to the value of $2,540. Since that time appellants have been using and cultivating the land and paying taxes on it as their own.

After the last payment of November 11, 1886, appellee notified one of the appellants by letter dated May 27, 1887, to pay the taxes on the land, and to pay the balance due him on the note. It will be presumed that the tax was paid. On April 23, 1888, Albert Maverick, agent for appellee, notified by letter one of the appellants that the land was advertised for sale for taxes, and requested him to pay $70, claimed to be due on the original $700 note. No further demand for payment was made by appellee until 1913, when Lewis Maverick, a son of appellee, a child of 3 years when the sale was made, had matured into a man and a lawyer, demanded payment of

the balance due on the note, which he claimed to be $70, together with interest at the rate of 12 per cent. per annum from November 11, 1886, up to the date of the demand in 1913. During a quarter of a century, from April, 1888, appellee and his agent frequently met the appellant to whom he seemed to have looked for his payments, but never requested further payment of the note.

[1] The only proposition submitted under the first three assignments is that the general demurrer to the petition should have been sustained because it failed to allege an offer to return the portion of the purchase money received, and because it failed to allege notice of intent to rescind. The petition does not disclose that any portion of the purchase money had been received by appellee; the petition clearly alleges that the superior title was in appellee, and that appellants unlawfully entered the premises and ejected appellee, and were withholding from appellee the land, thereby stating a cause of action. The general demurrer was properly overruled. The first three assignments are overruled.

[2] By the fourth assignment it is contended that the right to rescind the contract expired before this suit was filed. The right to rescind for failure to pay the balance of the purchase-money note matured February 23, 1881. By act of the Thirty-Third Legislature (chapter 123), the holder of the superior title was given until July, 1914, in which to bring suit to establish his right. In August, 1913, the Thirty-Third Legislature at its first called session (chapter 27) extended the time to November 19, 1914. The petition in this suit was filed November 16, 1914, which was within the time expressly given by the statute. V. S. R. C. St. art. 5695. The fourth assignment is overruled.

[3] The fifth assignment complains of the admission, over objection, of the testimony of W. H. Maverick, the appellee, to the effect that the balance on the note had never been paid. The objection was that the evidence related to transactions between appellee and a deceased party in an action by appellee against the heirs of the deceased. This assignment must be sustained, because the facts of this case bring it within the prohibition of V. S. R. C. St. art. 3690.

[4] From the testimony introduced by appellee it appears that in 1901 Alfred S. Perez became the owner by warranty deed of the land involved here. In 1908 he conveyed the life estate to Alejo E. Perez, retaining the fee subject only to the life estate. Appellee's petition alleges the death of Alfred S. Perez, and makes the unknown heirs of Alfred S. Perez parties defendants, as provided by V. S. R. C. St. art. 1875. It must be presumed that these unknown heirs appeared and answered as the attorney signed the answer as the answer of all the defendants, and for the further reason that the court did not appoint an attorney ad litem to represent the un-

known heirs, as required where no appearance is made by the unknown heirs cited by publication. Vernon's Sayles' Rev. Civ. St. art. 1941.

[5] The bill of exception by which the objection to the evidence was brought before us recites that the objection was made by all the parties defendant. When urged by the heirs of Alfred S. Perez, the objection should have been sustained. Swan v. Price, 162 S. W. 998, par. 5; Johnson v. Lockhart, 16 Tex. Civ. App. 32, 40 S. W. 640; Edelstein v. Brown, 100 Tex. 403, 100 S. W. 129, 123 Am. St. Rep. 816; Abbott v. Stiff, 81 S. W. 562; Wootters v. Hale, 83 Tex. 563, 19 S. W. 134; Newton v. Newton, 77 Tex. 510, 14 S. W. 157; Chamberlain v. Boon, 74 Tex. 660, 12 S. W. 727; Kohlberg v. Awbrey, 167 S. W. 828; Pennybacker v. Hazelwood, 26 Tex. Civ. App. 183, 61 S. W. 153; Baugh v. Geiselman, 23 Tex. Civ. App. 143, 55 S. W. 615. This is reversible error because the note pleaded and introduced in evidence appears upon its face to be more than 30 years past due, which fact creates the legal presumption that the note has been paid in full. Rogers v. Pettus, 80 Tex. 425, 15 S. W. 1093; Fessenden v. Barrett, 9 Tex. 475; Mills v. Alexander, 21 Tex. 154. Appellee's cause of action depends upon the fact that the note has not been paid in full. The presumption of payment, therefore, would defeat the cause of action. To meet this contingency the testimony of appellee was offered. Its exclusion leaves appellee without testimony to support the judgment. However, it may be that the admission of this testimony, erroneous though it was, prevented appellee from availing himself of other testimony not prohibited by the statute by which the nonpayment could be proved, for which reason the cause will be remanded for another trial, instead of being here rendered.

[6, 7] The sixth assignment urges that the court erred in rendering the judgment herein, because it appears from the undisputed evidence that appellee demanded payment of the note over 30 years after the maturity, which evidence conclusively shows a waiver of the right to rescind. Under the law appellee owned the superior title to the land until the purchase money was paid in accordance with the terms of the executory contract in evidence here. Whether that right was lost by waiver was a question of fact to be determined from all the evidence. That this fact was not submitted to the jury was not complained of by appellants, and it would be presumed that the trial court determined the issue upon the evidence against appellants if the issue had been pleaded by appellants, but no such issue was made by the answer of appellants. The sixth assignment is overruled.

The seventh assignment contends that the evidence shows appellee's cause of action had become a stale demand by reason of his laches. Neither laches nor limitation was

pleaded; but had they been the assignment could not be sustained, because the statutes expressly prolonged the time for such a suit as this until November 19, 1914, and this suit was filed November 16, 1914. The assignment is overruled.

[8] The judgment is asserted to be erroneous in the eighth assignment, for the reason stated that it should have awarded to appellants the portion of the purchase money paid, with interest and the value of the improvements. The issues made by appellants' answer, it will be recalled, are those raised by the general denial, the plea of payment, and the plea that valuable improvements were made on the land. No affirmative, equitable relief was averred or prayed for except the 'bare statement that permanent and valuable improvements were put on the land, and prayer for their value. The pleadings limit the issue before us to the question solely of the value of the improvements. And the question of improvements is, by the pleading, narrowed to the contention that as a matter of equity the owner of a superior title cannot assert his right and demand its enforcement without reimbursing the defaulting contracting party for improvements built on the land by him for his own personal use and convenience. Such is not the law. Appellants could have pleaded facts that would extenuate his default that may have entitled him to an adjustment of equities; but none such were pleaded. Patrick v. Roach, 21 Tex. 251; Browning v. Estes, 3 Tex. 462, 49 Am. Dec. 760; Lanier v. Foust & Douglas, 81 Tex. 186, 16 S. W. 994; Estes v. Browning, 11 Tex. 237, 60 Am. Dec. 238; Dunlap v. Wright, 11 Tex. 597, 62 Am. Dec. 506; Allen v. Mitchell, 13 Tex. 373; Atterberry v. Burnett, 102 Tex. 118, 113 S. W. 526; Atterberry v. Burnett, 52 Tex. Civ. App. 617, 114 S. W. 159; Moore v. Giesecke, 76 Tex. 543, 13 S. W. 290 (in this last a number of cases are reviewed); Hamblen v. Folts, 70 Tex. 134, 7 S. W. 834; White v. Cole, 87 Tex. 500, 29 S. W. 759; Thompson v. Robinson, 93 Tex. 165, 54 S. W. 243, 77 Am. St. Rep. 843; Walls v. Cruse, 185 S. W. 1033; Key v. Jones, 191 S. W. 736. The eighth assignment is overruled.

[9] The court properly refused to instruct the jury upon the relative importance of surrounding circumstances and inferences relied upon by appellants, and direct testimony relied upon by appellee, or to call attention to the evidence of surrounding circumstances and inferences. Such an instruction as requested is prohibited by the statute. V. S. R. C. St. art. 1971; Noblett v. Harper, 136 S. W. 519; Heldt v. Webster, 60 Tex. 207; Beaumont Pasture Co. v. Preston, 65 Tex. 449. The ninth and tenth assignments present the questions above disposed of, and are both overruled.

[10] The eleventh assignment is presented upon the theory that the third special issue was erroneous because it required the jury to find whether the defendants believed the purchase money had been paid in full when they made the improvements on the land. Under the issues made by the pleadings this issue was properly submitted. The assignment is overruled.

[11] The twelfth assignment complains of the alleged error in the court's charge upon burden of proof; but error, if any, is not presented to us in accordance with the statutory rules, and we are therefore without authority to review the question. V. S. R. C. St. art. 1971.

The court properly refused the peremptory instruction, which is complained of in the thirteenth assignment. It is true that article 5694 establishes the rule that purchase money will be conclusively presented to have been paid 4 years after the maturity of the indebtedness, and it is probably correctly contended that the words, "conclusively presumed," mean that evidence will not be heard to contradict a conclusive presumption. However, in this instance the succeeding article of the statute, viz. 5695, extends the period, within which the presumption of payment shall become conclusive, until November 19, 1914, whereas this suit was filed November 16, 1914. The assignment is overruled.

Because of the error set out in the fifth assignment, the judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

Counsel for appellants, in his motion for rehearing, calls our attention to several errors in our opinion rendered in this cause.

[12, 13] In stating the answer of appellants, we omitted to say that "not guilty" was alleged. This omission led us to make two other erroneous statements: In our consideration of the sixth assignment, we stated that appellants had not pleaded the defense that appellee had waived his legal right to recover his land. This was error, for we are persuaded that this issue was raised by the statutory plea of "not guilty." However, as we held in the opinion, the court resolved this issue of fact in favor of appellee, and we must leave it undisturbed under the evidence in this case.

[14] Again, in our discussion of the seventh assignment, we stated that laches was not pleaded by appellants. This was error, for the issue of laches was raised by the plea of "not guilty." However, as admitted by counsel for appellants, the defense of laches or stale demand is applicable only to suits in equity. In the present case, appellee's suit in trespass to try title was founded upon a legal title, and not on equitable title. The judgment will be construed as adjudicating that legal right in favor of appellee. Laches, even though pleaded, was no defense to this legal right adjudicated in favor of appellee. Prior to the statutes of 1913, there was no

limitation barring the right to assert such a superior title as is herein involved.

[15] Our opinion does not take from appellants the presumption of payment of the note created by the long lapse of time. This presumption is only prima facie evidence of payment, and can be rebutted by evidence. The presumption of payment created by long lapse of time, together with other evidence relating to the issue of payment, is to be considered by the jury in determining the issue.

Appellants' motion for rehearing is overruled.