### SANBORN & WARNER v. GEORGE H. PLOWMAN.

Decided February 22, 1899.

**1. Limitation—Written or Verbal Contract—Question of Fact.**

A letter inclosing a claim to an attorney for collection contained no reference to previous correspondence which the client claimed fixed the compensation for collection,—the attorney claiming a parol agreement for different terms. Held, that whether there was a written contract for compensation or not was a question of fact for the jury, and it was error to charge that a suit to recover of the attorney commissions retained in excess of the terms named in the correspondence, brought more than two and less than four years from the accrual of the action, was barred by limitation.

**2. Limitation—Written Contract.**

Though the contract in writing sued on was not binding on the defendant as to the terms of compensation, by reason of plaintiff's misrepresentation of the facts, it would still be available to defeat limitation in less than four years.

**3. Damages for Delay—Incident of Debt.**

Ten per cent damages for delay adjudged against a defendant on appeal was an incident of the note sued on and a part of the claim collected and to be accounted for by the plaintiff's attorney.

ERROR to County Court of Dallas. Tried below before Hon. KENNETH FOREE.

*DeArmond & Church* and *K. R. Craig*, for plaintiffs in error.

*Kearby & Muse* and *Crawford & Crawford*, for defendant in error.

KEY, ASSOCIATE JUSTICE.—Sanborn & Warner brought this suit against George H. Plowman, an attorney at law, to recover money alleged to have been collected by Plowman and not accounted for. The defendant pleaded the two years statute of limitation; and, after hearing the testimony, the court instructed the jury that the claim was barred and directed them to find for the defendant. Sanborn & Warner have appealed the case, and assign error upon the action of the court referred to.

The plaintiffs' suit is based upon certain written correspondence be-

tween them and Plowman, embracing a letter from Sanborn & Warner, dated September 3, 1885, asking Plowman what he would charge in the event they sent him two claims for collection. By letter dated September 4, 1885, Plowman replied, stating his terms. September 5, 1885, Sanborn & Warner sent Plowman by mail one of the claims referred to, which however, was never collected, as it turned out upon investigation that Tompkins, the alleged debtor, was entitled to certain credits that extinguished this claim and secured for him a credit of $100 on the note that was afterwards sent.

The letter accompanying this claim clearly shows that it was in response to Plowman's letter of the previous day; and concludes with the statement that Sanborn & Warner would advise Plowman in the future in reference to the other claim.

December 19, 1885, Sanborn & Warner sent Plowman by mail the other claim. The letter accompanying this claim makes no reference to the former correspondence betweeen the parties. There was other written correspondence between the parties, but the letters referred to are relied on as embracing a written contract.

The suit was brought more than two and less than four years after the cause of action arose.

Plowman offered testimony tending to show that during the month of November, 1885, a verbal agreement was made between him and Sanborn & Warner, under which he might be entitled to more compensation than was stated in his first letter. This was before the second claim was sent to him. After receiving the latter claim and many efforts to collect it, Plowman brought suit and reduced it to judgment. Tompkins, the debtor, gave notice of appeal and filed his supersedeas bond, but did not prosecute the appeal.

Plowman, acting under instructions from Sanborn & Warner, took the necessary steps to procure an affirmance of the judgment upon certificate and judgment for 10 per cent damages for delay. He accounted to Sanborn & Warner for the principal debt and interest, less 5 per cent retained as a commission, and did not account to them for the 10 per cent collected as damages. Or rather, he claimed the right to retain the 10 per cent as part of his compensation for collecting the principal and interest.

We think the court erred in not submitting the case to the jury, for which error the judgment will be reversed. Although the letter of December 19, 1885, sending Plowman the note for collection, did not refer to his former letter stating the terms upon which he would undertake the collection, if the facts and circumstances were such as to show that it was the intention of the parties that Plowman should receive and collect the note in accordance with the proposition embraced in the letter, then the suit was founded upon a written contract, and not barred by the two years statute of limitation. If, on the other hand, the jury should find that the note was sent to and received by Plowman in pursuance of a verbal

contract between the parties, made in November, 1885, then the two years statute would apply and the action be barred.

In the ruling made we do not wish to be understood as holding, if Sanborn & Warner, by misrepresentation as to what would be necessary to be done in order to collect the claim, induced Plowman to agree to collect it for less than he otherwise would have done, that he is bound by the terms of the contract as to the amount of his compensation. If a fraud was perpetrated upon him, and he was compelled to render services not in contemplation when the contract was made, we do not hold that he is not entitled to compensation for the extra services. We hold, however, that if he accepted the claim for collection upon a written contract that the two years statute of limitation does not apply to the case. We also hold that the 10 per cent damages adjudged by the Supreme Court against Tompkins on account of delay was an incident of the note and became a part of the claim Plowman was employed to collect; and he was no more entitled to retain it than he was to retain a like amount of the principal or interest due on the note. Judgment reversed and cause remanded.

*Reversed and remanded.*