KOHLBERG v. AWBREY & SEMPLE.
(No. 336.)

(Court of Civil Appeals of Texas. El Paso.
April 30, 1914. Rehearing Denied
May 28, 1914.)

1. PRINCIPAL AND AGENT (§ 22*)—EXISTENCE OF RELATION—EVIDENCE OF ACTS AND DECLARATIONS OF AGENT.

In an action for the purchase price of coal which plaintiffs claimed they had furnished to defendant's agent, defendant claimed that the alleged agent was an independent contractor, and that he had been engaged by her husband to operate the lighting and heating machinery for a hotel as an independent contractor at a certain rate per month, and that after her husband's death the arrangement was continued by mutual consent. Held, that testimony by the alleged agent as to conversations between himself and defendant's husband showing the contract and relationship between the parties was not inadmissible as hearsay, but original and primary evidence.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 40; Dec. Dig. § 22.*]

2. WITNESSES (§ 149*)—COMPETENCY—DECEASED PERSON.

Such testimony is not inadmissible under Rev. St. 1911, art. 3690, declaring that, in actions by or against executors, etc., neither party shall be allowed to testify as to any transaction with, or statement by, the testator, etc., for, the action being for the purchase price of coal furnished after the death of defendant's husband, the fact that she succeeded to his title and continued his contract does not render evidence as to his statement showing the nature of the contract inadmissible.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 555, 556, 558, 560, 562, 563, 570, 651, 652; Dec. Dig. § 149.*]

3. PRINCIPAL AND AGENT (§ 20*)—EVIDENCE—ADMISSIBILITY.

Defendant having pleaded that the status originally assumed by the alleged agent was by mutual consent continued after her husband's death, such testimony is admissible to establish the relation of agency.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 37, 38; Dec. Dig. § 20.*]

4. EVIDENCE (§ 425*)—PAROL EVIDENCE TO VARY A WRITTEN INSTRUMENT.

In an action for the purchase price of coal furnished a party having charge of the heating and lighting of a hotel, where the question was whether such purchaser was an independent con-

tractor or the agent of the hotel proprietor, the purchaser may testify that a note given by him in connection with his business was really the obligation of the proprietor, and that it was understood the proprietor should discharge it, without violating the parol evidence rule.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1862; Dec. Dig. § 425.*]

5. PRINCIPAL AND AGENT (§ 22*)—EVIDENCE —ADMISSIBILITY.

Agency cannot be established by declarations of the agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 40; Dec. Dig. § 22.*]

6. APPEAL AND ERROR (§ 1003*)—REVIEW— VERDICTS.

A verdict against the weight and contrary to the overwhelming preponderance of the evidence cannot stand on appeal.

[Ed. Note.—For other cases, see Appeal and Error, ·Cent. Dig. §§ 3938–3943; Dec. Dig. § 1003.*]

7. PRINCIPAL AND AGENT (§ 23*)—ACTIONS— EVIDENCE.

In an action for the purchase price of coal claimed to have been furnished to defendant's agent, evidence held insufficient to show the relationship of principal and agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 41; Dec. Dig. § 23.*]

8. ESTOPPEL (§ 56*)—EQUITABLE ESTOPPEL.

Where it did not appear that defendant held out an independent contractor as her agent, or that plaintiffs ·were induced to extend him credit for that reason, defendant cannot be held liable for his debts on the theory of estoppel, for an estoppel in pais can never arise, unless the party seeking to avail himself thereof was induced to act upon the representations of the opposite party.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 142; Dec. Dig. § 56.*]

Appeal from District Court, El Paso County; M. Nagle, Judge.

Action by Awbrey & Semple against Mrs. Olga Kohlberg, who impleaded A. T. Samworth. From a judgment for plaintiff, and for the impleaded defendant, defendant appeals. Reversed and remanded.

Defendant assigned error upon the admission of testimony by Samworth that it was agreed between him and her husband that her husband should discharge a note given by Samworth to the City National Bank, which testimony was offered to show that the arrangement between Samworth and defendant's husband was that of principal and agent.

Turney & Burges and Goldstein & Miller, all of El Paso, for appellant. Frank Feuille, Jr., A. R. Grambling, Jno. L. Dyer, C. W. Croom, and Coldwell & Sweeney, all of El Paso, for appellee.

HIGGINS, J. Awbrey & Semple sued Mrs. Olga Kohlberg to recover the sum of $1,043.-17, the purchase price of coal alleged to have been sold and delivered to her during June, July, and August, 1910. The petition was in the ordinary form upon verified account for goods sold and delivered, and it was further alleged that at the time mentioned in the account Mrs. Kohlberg was the owner and proprietor of and engaged in conducting and running the St. Regis Hotel, in the city of El Paso, during said months, and that plaintiffs delivered at the hotel the coal mentioned in the account, and that it was accepted, used, and appropriated by the defendant.

In Mrs. Kohlberg's answer, she admitted that she was the owner of and conducted the St. Regis Hotel, and that it was necessary to use coal in the heating and lighting thereof, and that during the months mentioned coal was delivered at said hotel, but denied that she accepted the same or used or appropriated the same, except as hereinafter stated. She averred that about the month of October, 1909, her husband, E. Kohlberg (who died June 17, 1910), made an agreement with A. T. Samworth, by which Samworth agreed for one year from about November 7, 1909, for a fixed sum per month, to furnish all coal, oil, and labor necessary to run the heating and electrical plant of the hotel, and under this· agreement Samworth took possession of the electrical and heating plant as an independent contractor, and as such, and on his own account, up to September 1, 1910, furnished the coal, oil, other supplies, and labor necessary to heat the hotel, and to run the heating and lighting plants thereof, and that the fixed sum so agreed to be paid by E. Kohlberg to Samworth were paid promptly, and that such contract, by the consent of all parties, was continued in force after the death of E. Kohlberg, and during all of this time Samworth, with full knowledge on the part of plaintiffs, and as an independent contractor, bought the coal referred to in plaintiff's suit, and not as agent of E. Kohlberg, or Mrs. Olga Kohlberg.

Awbrey & Semple, by supplemental petition, denied the facts pleaded by Mrs. Kohlberg above set forth, and averred that in the purchase of the coal Samworth was acting as the agent of Mrs. Kohlberg; and they further averred that the coal was delivered, accepted, and receipted for at the St. Regis Hotel by persons employed and working at the hotel, and the same was used in the heating plant, that Mrs. Kohlberg held out Samworth and such other persons at said hotel so as to lead plaintiffs and others to believe that they were her agents, and that Samworth and such persons ordered said coal, and thereby Mrs. Kohlberg was estopped to deny the agency and authority of the parties to purchase said coal.

Mrs. Kohlberg, by supplemental answer, denied the facts pleaded and relied upon by plaintiffs as estopping her to question Samworth's agency.

Samworth, in answer to the cross-action of Mrs. Kohlberg, pleaded the two-year statute of limitation, and further averred his

connection with both of the Kohlbergs to be that of agent, and denied that his connection with the matter in controversy was as an independent contractor.

Upon the issues thus raised by the pleadings, the court instructed the jury to find in favor of Awbrey & Semple against Mrs. Kohlberg, if they found, first, that Samworth was her agent and authorized by her to purchase the coal, or, second, if they found that he was not in fact such an agent, but that Mrs. Kohlberg had held him out as such agent so as to estop her from denying his authority. The jury was further instructed, in the event they found a verdict in favor of Awbrey & Semple against Mrs. Kohlberg, to then consider the cross-action of Mrs. Kohlberg against Samworth, and, if they found that he was an independent contractor, to find a verdict in her favor over against Samworth, and, if they found that he was not an independent contractor, but was acting simply as agent, then to return a verdict in Samworth's favor. Verdict was returned in favor of Awbrey & Semple against Mrs. Kohlberg, and in favor of Samworth upon the cross-action of Mrs. Kohlberg. From the judgment entered upon this verdict, Mrs. Kohlberg prosecutes this appeal.

[1] Error is assigned to the admission in evidence of the testimony of Samworth relating to conversations had between E. Kohlberg and himself showing the contract and relationship between the parties; the same supporting his and plaintiff's contention that, in operating the heating and electrical plants of the hotel and purchasing the coal, Samworth had acted as an agent, rather than as independent contractor. The objection is made that it was hearsay. Clearly it cannot be so regarded, for it was original and primary evidence of the status originally occupied by Samworth, which status, Mrs. Kohlberg alleged, was continued by mutual consent after the death of her husband.

[2] It is next contended the testimony was admitted in violation of article 3690, R. S. 1911, which reads:

"In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

The exceptions mentioned in the statute will not be extended so as to embrace by implication a class of persons not specifically named. Newton v. Newton, 77 Tex. 508, 14 S. W. 158; Wootters v. Hale, 83 Tex. 564, 19 S. W. 134.

This is a suit by Awbrey & Semple against Mrs. Kohlberg, in her individual capacity, to recover the purchase price of coal alleged to have been sold to her individually after the death of her husband, and delivered to and used by her in connection with the operation of the St. Regis Hotel, which she individually owned and was conducting. It was not a suit against her as an executor, administrator, or guardian, in which judgment might be rendered against her as such, nor was it a suit against her as the heir or legal representative of E. Kohlberg arising out of any transaction with him. The whole theory of appellee's suit is founded upon the contention that she individually was the owner of and was conducting the hotel, and the coal was sold and delivered to her as such, and that in the purchase of the same she acted through her real or apparent agent, Samworth. That she may have succeeded to the title and management of the hotel as an heir or devisee of her husband does not in any wise alter or affect the alleged facts upon which appellees base their suit. The provisions of the statute quoted have no application. Harris v. Warlick, 42 S. W. 356; Bush v. Barron, 78 Tex. 9, 14 S. W. 238; Hoxie v. Bank, 20 Tex. Civ. App. 484, 49 S. W. 639.

[3] As to the further contention that the conversation was not binding upon or admissible against Mrs. Kohlberg, in her individual capacity, it is sufficient to say that according to her pleadings the status originally assumed by Samworth, by mutual consent, was continued after her husband's death, and such conversation was therefore admissible for the purpose of showing whether his status originally was that of an agent or independent contractor.

[4] This was not a suit by the bank based upon the written instrument referred to in the tenth, eleventh, and twelfth assignments, and the rule which forbids the introduction of parol evidence to contradict, vary, or explain the terms of a written contract is inapplicable. Moore v. Williams, 26 Tex. Civ. App. 142, 62 S. W. 977; Hughes v. Sandel, 25 Tex. 165; Jones on Ev. (2d Ed.) par. 452. It could be contended with equal plausibility, if A. and B. execute a note to C., without anything upon the face thereof to indicate A. was surety for B., that in a collateral contest the rule indicated would preclude showing the status of A. to be that of surety. The second proposition under the twelfth assignment, that it was immaterial whether Samworth read the order or not, is overruled. It was admissible for the purpose of explaining the circumstances under which he obtained the $600 from the City National Bank.

[5] The statements of Samworth to Awbrey tending to show that he was an agent, the admission of which is made the basis of the thirteenth and fourteenth assignments, seem to be objectionable; and upon retrial the possibility of error in this respect should be avoided.

[6] It is next and last insisted that the verdict is against the weight and contrary to the overwhelming preponderance of the evi-

dence. A careful consideration of the evidence discloses this contention to be well founded, and the verdict unjust. In such case the courts have never hesitated to set the same aside. Railway Co. v. Schmidt, 61 Tex. 285; Zapp v. Michaelis, 58 Tex. 275; Short v. Kelly, 62 S. W. 944. It will serve no useful purpose to at length discuss the probative force of the evidence, and, in view of retrial, improper to do so, and we will therefore state the reasons for the conclusion reached as briefly as possible.

[7] As to the issue of Samworth's agency vel non, he testified that Mr. Kohlberg and he were friends; that in 1904 he installed the machinery for Kohlberg in the St. Regis Hotel; that in 1909 Kohlberg was having a great deal of trouble in running the heating and electrical plant and requested him to take charge and run it for him, but he declined to do so; that, upon Kohlberg's insistence, he made an estimate of the cost of labor and supplies necessary to run it and submitted it to Kohlberg; that he figured the cost at $550 per month, without allowing any compensation for himself; after making this estimate, he undertook, in November, 1909, as Kohlberg's agent, gratuitously and because of his friendship for Kohlberg, to run the heating and electrical plant, furnishing all labor and supplies, for $550 per month; that he was paid the $550 per month, out of which he paid the bills; that for a time he was able to pay the bills with this amount, but in January, 1910, he began to run behind. It is shown that about May, 1910, he was behind with his bills, and was being pressed for payment. He continued to fall behind, and by August 19, 1910, he was about $1,000 behind, and for some time Awbrey & Semple had been pressing him. Upon the date last mentioned Awbrey & Semple declined to furnish him more coal.

The theory that the relationship between Samworth and Kohlberg was simply that of principal and agent is utterly inconsistent with the facts testified to by Samworth himself. That he should have been content to accept only $550 per month in the capacity of agent, when his expenses were exceeding that sum, and his creditors harassing and pressing him for payment, is contrary to all human experience. Upon a fair and unbiased consideration of the evidence, reasonable minds cannot possibly differ in the inevitable conclusion that Samworth was an independent contractor.

[8] Such being his true status, the Kohlbergs would nevertheless be liable if they held him out as their agent, with apparent authority to purchase coal, and Awbrey & Semple had relied and acted upon same. Such issue is raised by the pleadings, and was submitted to the jury; but, upon this phase of the case, the verdict is without vestige of evidence to support it in an essential

particular. In such case, when authority is in fact lacking, liability is predicated upon an estoppel in pais. Tres Palacios Rice & Irr. Co. v. Eidman, 41 Tex. Civ. App. 542, 93 S. W. 698. But an estoppel in pais can never arise, unless the party seeking to avail himself of the benefit of the doctrine has been induced to act upon the representation, and this record will be searched in vain for a shadow of evidence that Awbrey & Semple ever relied upon any act or representation of the Kohlbergs in holding out Samworth as their agent, or that they were thereby induced to extend credit. Indeed, it may be further doubted whether there is any evidence of a holding out and representation of agency. All the facts in the record tending to show the same are equally consistent with the idea that he was an independent contractor. If the facts here disclosed could be treated as a representation of agency, then, in dealing with an independent contractor, one will always labor under the danger of being held responsible for his bills, upon the theory that he had been held out as an agent.

Reversed and remanded.