TEMPLE TRUST CO. et al. v. PIRTLE.
(No. 1825.)

(Court of Civil Appeals of Texas. Texarkana. June 29, 1917. Rehearing Denied Oct. 4, 1917.)

1. MORTGAGES ⟨⇒546—FORECLOSURE—SALE—RIGHTS OF PURCHASER—LEASES—CROPS.

A mortgagor by demising his land before foreclosure may sever the crops from the realty and a sale of the land under foreclosure will not convey title to the crops whether matured or not, the lessee having the right of ingress and egress for the purpose of cultivating and harvesting the crops.

2. MORTGAGES ⟨⇒546—FORECLOSURE—SALE—RIGHTS OF PURCHASERS—LEASES—CROPS.

Where a mortgagor before foreclosure demised grass lands, the lessee is entitled to the crops and to enter and sever the same though the grass was a natural growth of the soil.

3. MORTGAGES ⟨⇒536—FORECLOSURE—SALE—RIGHTS OF PURCHASERS — CROPS — LEASES—POSSESSION.

Where plaintiff was in possession of mortgaged lands before foreclosure under a contract of lease with the mortgagor, his possession was notice to the mortgagee who bought in the land at foreclosure of his rights to the crops.

4. APPEAL AND ERROR ⟨⇒1068(3)—REVIEW—HARMLESS ERROR.

Where a peremptory charge for plaintiff would have been justified, defendant cannot complain of errors in the charge.

5. APPEAL AND ERROR ⟨⇒1004(1)—REVIEW—VERDICT.

Where there was substantial evidence to support the amount of the verdict, it is not subject to attack on appeal as excessive.

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Action by M. S. Pirtle against the Temple Trust Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

By an instrument dated April 1, 1914, and filed for record in McLennan county April 4, 1914, D. H. Orand and I. C. Orand, to secure their indebtedness to the appellant trust company, conveyed to it a tract of land

in said McLennan county containing about 450 acres and known as the "Orand Hay Farm." October 27, 1914, the Orands and appellee entered into a contract, in writing, whereby the former leased the land to the latter for the year 1915. By the terms of the agreement the Orands were to furnish appellee work animals, tools, and machinery for use by him in cultivating and harvesting crops grown on the land, and appellee was to incur the other expense necessary to enable him to grow and harvest such crops, and was to deliver one-half of same when harvested to the Orands at a place specified. Afterwards the trust company commenced a suit and prosecuted same to a judgment, entered June 11, 1915, in its favor against the Orands for the amount of their indebtedness to it, and against them and O. L. Pirtle, a son of appellee, foreclosing the mortgage above referred to and directing a sale of the land for the purpose of satisfying said indebtedness. Appellee was not a party to this suit. At a sale made by appellant S. S. Fleming, as sheriff of McLennan county, August 3, 1915, as directed by a writ ordering a sale of the land as provided in the judgment, in his hands for execution, the trust company was the purchaser. At the instance of said trust company the sheriff, in further execution of the writ, on September 24, 1915, ejected appellee from the land and placed the trust company in possession thereof. Claiming that by virtue of his contract with the Orands he owned one-half of crops then growing on the land, which appellants by ejecting him therefrom prevented him from harvesting and marketing, appellee brought this suit against the trust company and sheriff for $1,662.50 as the damages he suffered by reason of their act in so ejecting him. The appeal is from a judgment in his favor for $900.

Tirey & Tirey, of Waco, and W. O. Cox and Sam D. Snodgrass, both of Temple, for appellants. Cross & Rogers, of Waco, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] In Willis v. Moore, 59 Tex. 629, 46 Am. Rep. 284, it was held that:

"A mortgagor is entitled to sever in law or fact the crops which stand upon his land at any time prior to the destruction of his title by sale under the mortgage."

And in Brown v. Leath, 17 Tex. Civ. App. 262, 42 S. W. 655, 44 S. W. 42, it was said that a lease of land by the mortgagor—

"severed the right to the rents from the realty, and the sale of the land under the" mortgage did not convey "the title to the rents or the crop on the premises standing at the date of the sale, whether mature or not. The lessee had the right of ingress and egress for the purpose of gathering and preparing the crops for market or use."

It was not contended in the court below, it seems, and is not here, that there was anything in the terms of the contract between the trust company and the Orands evidenced by the mortgage referred to in the statement above, which rendered the rulings made in the cases cited inapplicable to this one. On the contrary, we understand appellants to be in the attitude of conceding the law as determined in those cases to be applicable to this one, unless the fact, as they assert, that the crop of Johnson grass in question here was "not produced by annual cultivation," but was "the natural growth of the soil," calls for the application of different principles. As we understand the record, it does not show the existence of the fact asserted. There was testimony that "working the ground helps Johnson grass for hay," and that the ground on which the crop appellee owned an interest in was growing when he was evicted from the land "had been cultivated and worked." But if it appeared that the fact asserted existed, following the decision in Kreisle v. Wilson, 148 S. W. 1132, we would hold that it did not render inapplicable the rule recognized in the cases cited.

[3] The law being as stated, and it conclusively appearing, as it did, that appellee, by virtue of his contract with the Orands, owned one-half of crops on the land, and that he was prevented by acts of appellants from harvesting and disposing of same, it is clear appellee was entitled to recover the amount of damages the testimony showed he had suffered, and that the court should have so instructed the jury, unless the contention made by appellants that the trust company was in the attitude of an innocent purchaser of the crops was supported by testimony. We have found no such testimony in the record. On the contrary, it conclusively appeared that appellee, either in person or by his agents, if not in both ways, was in actual possession (by residing thereon) of the land on which the crops were growing, during the year 1915, until he was evicted therefrom, and that the trust company made no inquiry whatever, either of him or his agents, to ascertain by what right he or they were in possession of the premises. Under such circumstances the trust company was chargeable, as a matter of law, with knowledge of the fact that appellee owned an interest in crops on the land, and therefore was not entitled to claim such interest as an innocent purchaser thereof. Cyc. 1744 et seq., where the authorities are collated.

[4] As, in the view taken by us of the record, it would not have been error had the trial court told the jury to find in appellee's favor, it follows we are of opinion the assignments in which appellants complain of the action of the court in instructing the jury as to rules which should control them in determining whether appellants were liable to appellee or not, and his action in refusing instructions requested by appellants as to that phase of the case should be overruled.

[5] It appears, from a careful reading of

the record in connection with the contention made that the verdict "is grossly and unconscionably excessive," that there was testimony which would have authorized a finding by the jury that the amount of damages suffered by appellee was in excess of the sum named in their verdict. The jury had a right to believe the testimony referred to, and we have found nothing in the record which we think would justify us in setting aside their finding based on it.

Other contentions made in appellants' briefs are regarded as untenable, and therefore are overruled.

The judgment is affirmed.