ZEIGLER v. SAWYER.   (No. 3224.)

Court of Civil Appeals of Texas.   Amarillo.
April 24, 1929.

Rehearing Denied May 8, 1929.

Joe J. McGowan, of Brownfield, and Lockhart, Garrard & Brown, of Lubbock, for plaintiff in error.

R. L. Graves, of Brownfield, for defendant in error.

RANDOLPH, J. This suit was filed by Sawyer, as plaintiff, against Zeigler, as defendant. Judgment for plaintiff upon an instructed verdict, from which the defendant has appealed.

The plaintiff's suit was based on a vendor's lien note, executed by M. B. Lloyd, in part payment for a certain tract of land described therein, theretofore deeded by plaintiff to the said M. B. Lloyd, which note was in the sum of $5,600. Said note was payable in ten annual installments of $560 each, and contains the usual and customary clause providing that in the event any of the installments or any interest was not paid at maturity, that payee Sawyer should have the election of declaring all installments due. M. B. Lloyd sold the land to the defendant. As part consideration therefor, the defendant assumed the payment of said note to the plaintiff.

During the pendency of the suit, the plaintiff caused a writ of sequestration to be issued and had the sheriff levy same on the land in controversy, and after ten days, the defendant not having replevied the land, the sheriff forcibly ejected him therefrom and accepted a replevy bond from the plaintiff, turning the land over to him. Plaintiff proceeded to harvest the crops and has held same for disposition by the court. The defendant filed his cross-action to recover damages for the unlawful levy and for the value of the crops and also for exemplary damages. The details, where necessary to be stated to explain the assigned errors, will be related in the consideration of such assignments and propositions thereunder.

The plaintiff in error's first proposition is as follows: "If a vendor brings a suit to foreclose his vendor's lien, he has elected to affirm the contract and rely upon his debt and his lien, and such vendor, after such suit, stands in the position of a mortgagee. A vendor who elects to sue to foreclose his vendor's lien, and takes possession of the premises under a writ of sequestration and a replevy bond, is not entitled to a lien on the crops gathered from the premises, which were growing thereon at the time the writ of sequestration was issued and served, and which were actually severed from the soil thereafter, and before the title of the vendee was defeated by sale under foreclosure; but such crops remained and were, when severed from the soil, the personal property of the vendee, and as such were not subject to be ordered sold in satisfaction of the judgment of foreclosure on the land."

The record shows that the plaintiff brought

his suit to foreclose his vendor's lien, thereby electing to affirm the contract of sale with M. B. Lloyd, which was later assumed by the defendant. This being the status when he filed his suit, and the status from that time on to and including the time of judgment, the question of plaintiff's right to the crops growing on the land under his lien is presented.

The trial court's judgment recites the following findings and conclusions:

"That the defendant was residing on said land on the 5th day of August, 1927, and had growing thereon a crop, which consisted of 17 bales of cotton, 100 bushels of corn, and 100 pounds of beans and 300 bundles of cane, which had not been by him severed in law or in fact; that the defendant knew of this suit being filed, and of the sheriff of this county attempting to serve him with citation herein, which citation had been duly issued, returnable to the August term of this court, and which was in the hands of the sheriff for service; that with such knowledge the defendant secreted himself to avoid being served with said citation and by reason thereof was not served; that his object in so secreting himself and avoiding service on him of said citation was that the said crop growing on said land should not be subjected to the plaintiff's lien but that the defendant might retain same; that the defendant would have been served with said citation in sufficient time for the August, 1927, term of this court, convening on August 22, 1927, except for him so secreting himself; that the plaintiff on September 20, 1927, sued out a writ of sequestration herein, and by virtue thereof the sheriff of this county took into his possession both land and crops, which crops were still standing on the land; that plaintiff replevied said property and gathered and prepared said crops for market at a net expense of $465.38, and has said crops in his possession, awaiting the orders of this court.

"From the foregoing facts, the court being of the opinion that by reason of the fact of the legal title to said land being in the plaintiff and the fact that the title to the crops was in the defendant, that such crops would have passed to the purchaser of the land under the judgment which would have been rendered at the August, 1927, term of this court, and that by reason of the defendant secreting himself as he did and for the purpose he did, that such constituted probable cause, entitling the plaintiff to the writ of sequestration, the court instructed the jury to return a verdict in favor of the plaintiff and against the defendant on plaintiff's demand, and against the defendant and in favor of the plaintiff on the defendant's cross-action, and the jury thereupon did return the following verdict, to wit: " 'We, the jury, find in favor of the plaintiff and against the defendant on the plaintiff's cause of action, and against the defendant and in favor of the plaintiff on the defendant's cross-action. [Signed]  E. A. Preston, Foreman.' "

"It is therefore considered, adjudged, and decreed by the court that the plaintiff, M. B. Sawyer, do have and recover of and from the defendant, J. D. Zeigler, the sum of $7,442.04, this being the amount due on said note, principal, interest, and attorney's fees, the same to bear interest from this date until paid at the rate of 6 per cent. per annum, this being the rate of interest provided in said note, together with his costs in this behalf expended.

"It is further considered, adjudged, and decreed by the court that the defendant, J. D. Zeigler, take nothing against the plaintiff, M. B. Sawyer, on his cross-action herein, and that the plaintiff go hence without day as to same with his costs. It is further considered, adjudged, and decreed by the court that plaintiff's lien, as it existed on the 2d day of October, 1923, and has since and now exists upon the foregoing described tract of land and premises, be and the same is hereby foreclosed, and that said lien be and the same is hereby established and foreclosed as to the hereinbefore described crops."

And it closes with an order for the sale of the land and crops separately for the satisfaction of the judgment.

■ The vendor of the land who has elected to affirm his contract of sale by suit against the vendee having only the right of a mortgagee, the title to the land and the crops growing thereon remained in the vendee until the sale under the foreclosure proceedings is fully consummated. Such a lienholder has no right to the ungathered crops as against the owner of same, who is the giver of the lien, until the title to the land and planted and growing crops has passed to him by such foreclosure sale. Willis v. Moore, 59 Tex. 628, 46 Am. Rep. 284.

■ A mortgage is a mere lien on the property and vests no estate in the mortgagee. Security Mortgage & Trust Co. v. Gill, 8 Tex. Civ. App. 358, 27 S. W. 835.

In the case of Bassham v. Evans, 216 S. W. 446, 450, this court, speaking by Chief Justice Huff, says that it is settled in this state that if the holder of a vendor's lien brings suit to foreclose his lien, he has thereby elected to affirm the contract and to rely upon his debt and lien, and that, after such suit, stands in the position of a mortgagee, citing Gardener v. Griffith, 93 Tex. 355, 55 S. W. 314; Moon v. Sherwood (Tex. Civ. App.) 180 S. W. 296. This being true, the fiction that the legal title remains in the vendor no longer obtains, but the vendor occupies the position of any other lienholder.

As against the holder of the lien, the owner of the crop remains such owner until his title is actually defeated by the sale under the foreclosure. Roberts v. Armstrong (Tex.

Com. App.) 231 S. W. 371. See, also, Colonial Land & Loan Co. v. Joplin (Tex. Civ. App.) 196 S. W. 626, 628.

 Under the rule laid down by the above authorities, we hold that Sawyer had no lien on Zeigler's growing crops and had no legal or equitable right to the possession of same pending the sale of the land at the foreclosure sale. If Sawyer's affidavit in the sequestration proceeding was justified by the facts in evidence, then he had a right to take possession of the land under his replevy, and it became his duty to take the necessary steps to preserve the crops he found growing on the land. But he had no title vested in him to the crops by reason of his entry into such possession. In order to procure the issuance of the writ of sequestration, Sawyer made the statutory affidavit that he feared that the defendant, J. D. Zeigler, "will make use of such possession to injure such property or waste or convert to his own use the rents, fruits or revenue thereof."

The trial court found, as a justification for such affidavit, that Zeigler had secreted himself so that the sheriff could not serve citation on him in time to be returned at the ensuing term of court. This action on the part of Zeigler was properly admitted in evidence as a circumstance in connection with other facts and circumstances to establish belief of Sawyer that Zeigler would injure the property if he continued in possession, in mitigation of Zeigler's claim for exemplary damages or to defeat such claim. It was not a ground upon which the writ of sequestration should be issued and provided in the statute. In any event, the fact that he evaded service would not have given Sawyer any right to the crops. The measure of Sawyer's recovery was the added interest on his lien debt occasioned by the collection being deferred. Zeigler had a right up to the time of the sale to sell his crops, and Sawyer's taking the crops from his possession deprived him of that right and was a conversion of such crops. The condition of Sawyer's replevy bond was that he should account to Zeigler for all damage and cost of suit in case it should be decided that such writ of sequestration was wrongfully sued out.

The trial court erred in peremptorily instructing the jury to bring in a verdict for the plaintiff, as he could not substitute his judgment for the judgment of the jury in passing on the issues presented.

Sawyer, after he went into possession of the land, not only gathered the crop on the place for the year 1927, but continued in possession of the land during the year 1928 and cultivated it and raised a crop thereon. The judgment in this case was rendered on September 11, 1928. There is no satisfactory proof and no pleading justifying a recovery by the defendant of the crop or its value raised by the plaintiff on the land in the year 1928; hence plaintiff in error's sixth proposition is overruled.

For the errors indicated, the judgment of the trial court is reversed, and the case is remanded to that court for a new trial.