### ROTH et al. v. CONNOR.
### No. 10476.

Court of Civil Appeals of Texas. Dallas. Feb. 13, 1930.

Tom Whipple and Will Hancock, both of Waxahachie, for appellants.

Germany & Runge, of Dallas, for appellee.

LOONEY, J.

Mrs. Elizabeth Connor brought suit for debt on certain vendor lien notes against Mrs. Mary Sadler, maker, and to foreclose on certain lands situated in Ellis county, Tex. Isaiah McBay, the record owner, and his tenant, W. B. Davis, and other claimants were made defendants. McBay rented the lands to Davis to be cultivated during the year 1927 in cotton and grain, for a rental of one-fourth of the cotton and one-third of the grain. Nothing except cotton was harvested from the land that year, one-fourth of which, the share belonging to McBay, sold for $244.28, of which the sum of $218.13 was paid into the registry of the court, to await the termination of this suit.

D. S. Roth and W. E. Hipp, creditors of McBay, intervened, and alleged that they were entitled to the proceeds of the rent cotton in the custody of court, under assignments from McBay to them of his rent interest in the crop raised by Davis, and asked for an order of court directing the clerk to pay the money to them. In answer to the pleas of intervention, Mrs. Connor set out the history of the notes sued upon, claiming that, under the facts, she owned the paramount title to the land and crops raised thereon, and that McBay could not assign same to interveners so as to defeat her rights. The record discloses that C. W. Simpson conveyed the land to Mrs. Sadler, taking the notes for unpaid purchase money; these were transferred by Simpson to Texas Mortgage Company, together with the vendor's lien on the land, and were later in like manner transferred by the mortgage company to Mrs. Connor. After the notes were thus transferred to Mrs. Connor, the mortgage company purchased the land at a foreclosure sale, but held title in subordination to the vendor's lien owned by Mrs. Connor, and the title thus acquired was by the mortgage company conveyed to McBay, who in this manner became, as shown by the statement of facts, owner of the legal title to said land.

The record discloses that D. S. Roth held a written assignment, dated February 4, 1927, executed by McBay and accepted by Davis, the tenant, assigning to intervener $105.27 of the rents, which was later reduced by a credit to $91.35. W. E. Hipp held a written instrument executed by McBay September 20, 1927, assigning and mortgaging to intervener said

rents subject to the right of Roth under the prior assignment.

The case was tried without a jury, and resulted in a judgment in favor of plaintiff for debt against Mrs. Sadler, and foreclosure of the vendor's lien against all defendants, for Mrs. Connor against interveners in the contest over the fund in the registry of court, and directed that same be paid to her. Interveners alone have appealed from the judgment.

■■ The only question for our determination is, Did Isaiah McBay, who owned the legal title to the land, have the right, before sale of the land under foreclosure, to assign his interest in the rent cotton and pass title to interveners as against Mrs. Connor?

We answer this question in the affirmative. The doctrine well settled by repeated decisions in this state is that crops produced by annual cultivation, either growing or matured, are distinct in nature from the land on which they are cultivated, and that, while ownership of the land, under mortgage or trust deed, may be in one person, title to the crops may be in another, and, when these are harvested or severed in ownership, prior to sale of the land under foreclosure, title thereto will not pass by such sale. Willis v. Moore, 59 Tex. 628, 639, 46 Am. Rep. 284; Silberg v. Trilling, 82 Tex. 523, 526, 18 S. W. 592; Security, etc., Co. v. Gill, 8 Tex. Civ. App. 358, 27 S. W. 835, 837; Lombardi v. Shero, 14 Tex. Civ. App. 594, 37 S. W. 613, 614, 971; McKinney v. Williams (Tex. Civ. App.) 45 S. W. 335, 336; Sanger Bros. v. Hunsucker (Tex. Civ. App.) 212 S. W. 514.

■ The contention of Mrs. Connor, that is, that she possessed a superior right over interveners, to the proceeds of the rent cotton, is necessarily based upon the idea that, as holder of the vendor's lien, she owned the paramount title to the lands and the crops that grew thereon. This contention, however, is not authorized by the facts. The notes sued upon are referred to in the statement of facts as "vendor's lien notes." The vendor's lien is not a creature of contract, but of equity, and, unless waived, arises only by implication where land is conveyed and the consideration, or part thereof, remains unpaid or unperformed. 39 Cyc. 1787, 1790; White v. Downs, 40 Tex. 225; Hales v. Peters (Tex. Civ. App.) 162 S. W. 386, 393; Noblett v. Harper (Tex. Civ. App.) 136 S. W. 519, 520. Furthermore, it was conceded by the parties that McBay was owner of the legal title; hence the position of Mrs. Connor must be assimulated to that of a mortgagee, and the case, in our opinion, is ruled by the authorities heretofore cited.

■■ But, even if it could be correctly said that plaintiff held the paramount title to the land, still we would be driven to the same conclusion. The legal or paramount title, or superior right to the land, as variously named (Howard v. Davis, 6 Tex. 174, 182; Dunlap v. Wright, 11 Tex. 598, 604, 62 Am. Dec. 506; Baker v. Clepper, 26 Tex. 629, 634, 84 Am. Dec. 591; Baker v. Ramey, 27 Tex. 53; Masterson v. Cohen, 46 Tex. 520), that remains in the vendor under an executory contract for the sale of land, is not a beneficial interest in the land, neither does it give the vendor, or those claiming under him, any right to its possession prior to default and rescission or sale under foreclosure. Such title or right as remains with the vendor is simply a security for payment by the vendee of unpaid purchase money, or the performance of any unperformed obligation, and, in case of default, the vendor, or successor in interest, may elect to rescind the contract and recover the land as his own, or affirm and have the land sold under foreclosure, but cannot exercise both rights and pursue both remedies at the same time. Atteberry v. Burnett, 52 Tex. Civ. App. 617, 114 S. W. 159, 162, same case before the Supreme Court, 102 Tex. 118, 113 S. W. 526; White v. Cole, 87 Tex. 500, 29 S. W. 759.

We are of opinion, therefore, that the court erred in adjudging the fund in the registry of the court to Mrs. Connor, and, in this respect, the judgment is reversed and rendered for interveners.

Reversed and rendered.