## STANDRIDGE et al. v. VINES et al.
## No. 1413.

Court of Civil Appeals of Texas. Eastland.
March 15, 1935.

Rehearing Denied April 5, 1935.

Y. W. Holmes, of Comanche, for appellants.

Tom F. Reese, of Comanche, for appellees.

FUNDERBURK, Justice.

A. B. Standridge, the owner of a 78-acre tract of land in Comanche county, with 60 acres in cultivation, rented same for the year 1933 to E. C. Vines, for one-fourth the proceeds of cotton and one-third of the corn, as rent. Vines, the tenant, cultivated for said year 15 acres in corn and about 45 acres in cotton. One-fourth of the proceeds from the sale of the cotton amounted to $136.84, included in said sum being $47, representing one-fourth of a sum received from the United States government for cotton plowed up. A. B. Standridge executed and delivered to J. H. Standridge a note and mortgage to secure $300 borrowed money; the mortgage purporting, by its recitations, to give a lien on "45 acres of corn, 15 acres of small grain * * * rent on 60 acres owned by A. B. Standridge 13 miles south of Comanche, Texas, and worked by E. T. Vines. This includes the rent only." At the time of the making of this note and mortgage the Federal Land Bank of Houston held an indebtedness against the land secured by deed of trust lien with power of sale. The Co-Operative National Farm Loan Association of Comanche, Tex., became the owner of the deed of trust lien, and on August 1, 1933, the trustee, after having advertised the land

for sale, sold it under the terms of the deed of trust. Said Co-Operative National Farm Loan Association became the purchaser, and thereafter conveyed the land to Buster Johnson.

A dispute having arisen concerning the ownership of the rent, the tenant Vines deposited the amount thereof, $136.84, in a bank. A. B. and J. H. Standridge brought suit against him to recover such rent, to which he answered by setting up the dispute and offering to pay the rent to whoever should be adjudged entitled to receive it. Co-Operative National Farm Loan Association and Buster Johnson intervened, asserting claim to the rent money by virtue of their ownership of the land acquired at the sale under the deed of trust. On appeal of the case to the county court, upon a nonjury trial, interveners Co-Operative National Farm Loan Association and Buster Johnson were awarded recovery of the rent money as against the other defendants. A. B. and J. H. Standridge have appealed. A. B. Standridge was not shown to have any interest in the subject-matter of the suit, and the judgment as to him will be affirmed.

The trial court filed conclusions of fact and law, from which it appears that judgment was given in favor of the interveners against the plaintiffs, because the mortgage given by A. B. Standridge to J. H. Standridge covering the rents specified 45 acres of corn and 15 acres of small grain, but contained no mention of cotton. The court found, however, that it was the intention of the parties to the mortgage that it cover all the rents on the place. In other words, the decision of the court below was made to turn upon the question of constructive notice of the mortgage lien of J. H. Standridge, there being no contention that the interveners had any actual notice.

The sole question presented upon this appeal may be stated thus: Does the sale of land under deed of trust vest title in the purchaser to growing crops on the land, as against a mortgage of the crops, which, because of mistake in description, fails to give notice of the character of the crops upon which the mortgagor intends to give a lien? The question involved, we think, is one not of notice, but of title. The purchaser of the land at the foreclosure sale did not necessarily become the purchaser of growing crops thereon, nor the right to the annual rent due for that year. Whether ownership of the crops, or right to the rents, was acquired as a part of the land was dependent upon whether or not the crops were owned by, or the rent due to, the owner of the land whose title was acquired by the purchasers at the foreclosure sale. This question is in turn determinable by whether or not the crops, or rents, had been severed from the land prior to the vestiture of title at the foreclosure sale. The severance, if there was a severance, would be equally effective whether one of law or fact. Willis v. Moore, 59 Tex. 628, 46 Am. Rep. 284. Had the mortgage correctly described the property upon which it was intended to give a lien, there could be no question, we think, that the mortgage itself would show such a severance of the crops, or rents, from the land that no title thereto would have passed to the purchaser at the foreclosure sale. It may be regarded as well settled that annual crops, whether matured or not, and annual rents, do not pass to the purchaser at a foreclosure sale made to satisfy a lien on the land if such growing crops or rents prior to the vestiture of title have been severed by a sale, mortgage, assignment, or any other transaction vesting in some other party than the owner of the land an interest therein. Willis v. Moore, 59 Tex. 628, 46 Am. Rep. 284; Lombardi v. Shero, 14 Tex. Civ. App. 594, 37 S. W. 613, 971; Sanger Bros. v. Hunsucker (Tex. Civ. App.) 212 S. W. 514; Roth v. Connor (Tex. Civ. App.) 25 S.W.(2d) 246; Millingar v. Foster (Tex. Com. App.) 17 S.W.(2d) 768; Bowyer v. Beardon, 116 Tex. 337, 291 S. W. 219; McKinney v. Williams (Tex. Civ. App.) 45 S. W. 335; Temple Trust Co. v. Pirtle (Tex. Civ. App.) 198 S. W. 627; Brown v. Leath, 17 Tex. Civ. App. 262, 42 S. W. 655, 44 S. W. 42; Bowers v. Bryant-Link Co. (Tex. Com. App.) 15 S.W.(2d) 598; Kreisle v. Wilson (Tex. Civ. App.) 148 S. W. 1132.

It is immaterial that no constructive notice may be given of the sale, mortgage, assignment, etc. Where not interdicted by the statute of frauds, the evidence thereof is not required to be in writing. It necessarily follows that the purchaser at the foreclosure sale is charged with knowledge of the law that he gets no title to growing crops and rents if there has been a severance. In other words, a purchaser is under the obligation to ascertain if there has been a severance, and only takes title to the crops and rents if there has been none.

As found by the trial judge, we think the intention of the parties that the mortgage should cover all the rents was conclusive upon the issue of title, and that judgment should have been given for J. H. Standridge for the money representing the rents, or value of the crops.

We therefore conclude that the judgment of the court below should be affirmed as to A.

B. Standridge, but reversed and rendered for J. H. Standridge for recovery of the rents. As against the defendant and interveners. it is not believed that any extra costs have been incurred by reason of A. B. Standridge being a party, and the judgment will direct that the costs of the trial court and of this court be paid by appellees.

Affirmed in part, and reversed and rendered in part.