**BELL et al. v. BELL.**

No. 11728.

Court of Civil Appeals of Texas. San Antonio.

July 16, 1947.

Rehearing Denied Oct. 8, 1947.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellants.

Miller & Miller, of Gonzales, for appellee.

MURRAY, Justice.

This suit was instituted by Lloyd Bell against Thomas A. Bell and J. D. Bell, seeking, among other things, the appointment of a receiver to take charge of all of the real estate, funds, stock of eggs, poultry, produce, meats, cheeses and merchandise and all of the furniture and fixtures and all other assets of every kind belonging to Bell Packing Company, a partnership, with certain powers, etc.

Without notice to defendants and upon an ex parte hearing the trial court granted plaintiff's petition for the appointment of a receiver and D. U. Ramsey was appointed as such receiver, who qualified by taking the oath as required by law and giving bond in the sum of $25,000.

From the order appointing the receiver defendants have prosecuted this appeal, without having filed a motion in the trial court to vacate such receivership.

The trial court did not require the appellee as a condition precedent to the appointment of a receiver, to give bond payable to appellants, as is required by Rule 695-a, Texas Rules of Civil Procedure.

This was error requiring reversal of the order appealed from. Rule 695-a makes it mandatory that before a receiver can be appointed the party applying for the receivership must give bond, in an amount to be fixed by the judge or court, payable to the defendant.

■ Furthermore, it was error to appoint the receiver without notice and hearing. The petition does not state facts which show clearly the existence of such an emergency as justified the appointment of a receiver without notice to the adverse party and an opportunity for a hearing. 36 Tex.Jur., §§ 48, 49, pp. 104-110, and authorities there cited.

The only allegations in appellee's petition which attempt to show the existence of an emergency justifying the appointment of a receiver without notice and opportunity for a hearing are contained in paragraph 8 thereof, reading as follows: "Plaintiff further alleges that the defendants and each of them own little, if any, property subject to execution except for such interest as they may have in the assets of said Bell Packing Company. That said defendants are in possession of all of the assets of said partnership located in San Antonio, Texas, and such defendants have in the past been drawing large sums of money from said business for their own use and benefit and have rented out portions of said real estate and have collected the rents and revenues therefrom without accounting to this plaintiff therefor, and have been collecting the accounts receivable and disposing of the assets of said partnership without accounting to this plaintiff therefor, and unless a receiver is appointed immediately to take charge of and to conserve the assets of said partnership, the defendants will continue to draw money from said partnership assets, and will continue to collect the rents from said property, and will continue to dispose of the property of said partnership without accounting therefor, and will continue to incur debts in the name of Bell Packing Company for which this plaintiff could be held liable and this plaintiff will be irreparably damaged thereby."

These allegations do not amount to a statement that appellants are insolvent, but merely that they do not have much property other than that belonging to the partnership. They do not show how much money appellants have collected in rents or how much money they have withdrawn from the partnership. Such sums are not even estimated. There is nothing to show that a temporary restraining order prohibiting appellants from withdrawing any sum of money from the partnership pending a hearing on the receivership would not have adequately protected appellant.

Accordingly, the order appointing the receiver is reversed and the matter remanded to the trial court.

Reversed and remanded.