## GULF STREAM REALTY CO. v. MONTE ALTO CITRUS ASS'N.

### No. 12471.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 19, 1952.

Rehearing Denied Dec. 31, 1952.

934

Albert W. Taylor, McAllen, for appellant.

Lauderdale & Bowe, Mercedes, L. Hamilton Lowe, Austin, for appellee.

**W. O. MURRAY, Chief Justice.**

This suit was instituted by Gulf Stream Realty Company, a corporation, against Monte Alto Citrus Association, a co-operative marketing association organized as a corporation under the laws of the State of Texas, seeking to recover the value of a citrus fruit crop grown upon three certain tracts of land located in Willacy County, Texas, and harvested, processed and marketed by defendant between October 20, 1949, and January 27, 1950. Plaintiff alleged that it was the owner of this citrus fruit and that the same was converted by defendant.

The facts were stipulated by the parties and the cause was submitted to the court without the intervention of a jury. The trial court rendered judgment denying plaintiff any recovery for the fruit harvested and sold from Tract No. 1, but granted judgment for the value of the fruit taken from Tracts Nos. 2 and 3, less, however, the cost of harvesting, processing, and marketing such citrus fruit.

Gulf Stream Realty Company has prosecuted this appeal, contending that the court erred in not giving it judgment for the value of the fruit taken from the three tracts, and that there should not have been any deductions for the cost of harvesting, processing and marketing of such fruit because appellee was guilty of culpable negligence in taking the fruit.

The first tract is composed of Blocks Nos. 18, 39 and 40, of the La Sara Townsite in Willacy County, Texas. This tract had originally belonged to Bentsen Brothers, Inc., who on the 24th day of February, 1945, conveyed it to Randel J. Fielding and Gladys M. Fielding, in which deed a vendor's lien was retained and also a deed of trust with power of sale was executed to secure the unpaid purchase money. This deed was recorded on May 2, 1945, but the deed of trust was not recorded until July 11, 1949. A foreclosure was had under the deed of trust and a trustee's deed executed to Bentsen Brothers, Inc., on August 2, 1949, which was recorded on August 22, 1949. Bentsen Brothers, Inc., con-

veyed this property to appellant, Gulf Stream Realty Company, by deed dated September 26, 1949, and recorded on October 5, 1949. Thus it is clear that all of these instruments had been signed, executed and recorded in the real estate records of Willacy County, Texas, before appellee entered upon the premises and harvested, processed and marketed the citrus fruit.

The trial court was of the opinion that the trustee's deed to Bentsen Brothers, Inc., above described, was void as to appellee and gave no notice to appellee that Tract No. 1 was owned by appellant, because the trustee's deed recited that the property had been sold by the trustee at the courthouse door in Edinburg, Hidalgo County, Texas, whereas the land was located in Willacy County. The parties stipulated that this was an error of the scrivener, and that the sale was actually made at the courthouse door in Raymondville, Willacy County, Texas, where the land was located.

■ The mere fact that the trustee's deed erroneously recited that the sale was made in Hidalgo County, did not render it void as to appellee or prevent it from being notice to appellee that the land had been sold under the power of sale contained in the deed of trust. Smith v. Allbright, Tex.Civ.App., 261 S.W. 461; Adams v. Zellner, Tex.Civ.App., 174 S.W. 933.

■ The trustee's deed recited that the sale was made pursuant to the provisions of said deed of trust and by virtue of the powers granted by the deed of trust which required that the sale be made in the county where the land was located, and this recital was in conflict with the statement that the sale was made in Hidalgo County. There is an exception to the general rule that under the doctrine of constructive notice there is imputed to the subsequent purchaser only that which appears on the face of the recorded instrument. Under all the facts in this case appellee could not presume that the trustee's sale was void, but was put upon inquiry as to whether the sale was made pursuant to the provisions of the deed of trust, or in a county where the land was not located.

Carter v. Hawkins, 62 Tex. 393; Wiseman v. Watters, 107 Tex. 96, 174 S.W. 815.

 Appellee contends that the marketing contract which it held from Randel J. Fielding, dated August 23, 1945, had the effect to sever from the land the citrus fruit each year as it came into existence, so that at the date of the trustee's deed the fruit for that year had already been severed from and was no part of the land at the time the trustee's deed was executed. We overrule this contention. The marketing contract expressly provided that the title to the fruit would not pass until the fruit "shall be picked and prepared for delivery." Thus the contract was only an agreement to sell rather than a contract of sale and would not have the effect of severing the fruit from the land until it was gathered. The Fieldings lost title to the fruit when the trustee's sale took place and appellee did not acquire any title to the same when it was "picked and prepared for delivery" long after the trustee's sale. Hall v. Wilson, Tex.Civ.App., 215 S.W.2d 204; Texas Osage Co-operative Royalty Pool v. Crighton, Tex.Civ.App., 188 S.W.2d 230; Elder Chevrolet Co. v. Bailey County Motor Co., Tex.Civ.App., 151 S.W.2d 938; 29 Tex.Jur. 1002; Willis v. Moore, 59 Tex. 628; Zeigler v. Citizens Bank of Venus, Tex.Civ.App., 79 S.W.2d 662; Elgee Cotton Cases, 22 Wall. 180, 22 L.Ed. 863; Blackwood v. Cutting Packing Co., 76 Cal. 212, 18 P. 248; 37 Tex.Jur. 72, § 2.

 The rule is well stated in Willis v. Moore, 59 Tex. 628, as follows:

" 'Crops, whether growing or standing in the field ready to be harvested, are, when produced by annual cultivation, no part of the realty. They are, therefore, liable to voluntary transfer as chattels. It is equally well settled that they may be seized and sold under execution.' Freeman on Executions, 113, and citations; Benjamin on Sales, 120. Such being the case, if there be nothing in the contract of the parties by which land is conveyed, nor in the circumstances attending the sale, evidencing the intention of the parties that crops nearly or quite matured should pass with land sold, it is difficult to see upon what principle it can be held that property strictly personal in its character should pass by an instrument which upon its face purports only to convey land. The weight of authority, however, is to the effect that such crops will pass by the sale of the land *if they belong to the owner of the land at time of sale.* * * * As, however, the crops are separate and distinct in their nature from the land upon which they grow, *the ownership of the one, even on mortgaged property, may be in one person, and the title to the other in another*; and whenever crops growing or standing upon land covered by a lien given by the owner of the land, or acquired by law, *have in law or in fact been severed in ownership*, or actually severed from the land prior to sale of the land under the lien, title thereto will not pass by the foreclosure of the lien." (Emphasis ours.) See also: Roth v. Connor, Tex.Civ.App., 25 S.W.2d 246.

We agree with the numerous cases cited by appellee to the effect that crops may be constructively severed from the land by sale, mortgage or assignment, but here we have only an executory contract of sale in which the title was not to pass until such fruit was picked and prepared for delivery.

 Appellee cites the case of Standridge v. Vines, Tex.Civ.App., 81 S.W.2d 289, as holding that an executory contract of sale is sufficient to sever a growing crop from the land, but we are of the opinion that the case holds to the contrary. A valid mortgage given upon a growing crop is sufficient to sever the crop from land constructively, but the same thing is not true of an executory contract of sale, and if there is no severance the crop goes with the land, if title thereto is in the owners of the land.

 We agree with the trial court that appellee was not guilty of culpable negligence in entering upon the land and har-

vesting the citrus fruit growing thereon. Appellee had marketing contracts with persons it believed to be the owners of these tracts of land, which if valid would have justified it in harvesting and marketing the fruit. It had no actual notice that the tracts had been sold under the power of sale in deeds of trust. While appellee was charged with constructive notice of the sale of the three tracts of land, such constructive notice alone would not render appellee guilty of culpable negligence in doing that which it believed it had a contract right to do.

Accordingly, the judgment of the trial court will be amended so as to decree a total recovery in favor of appellant in the sum of $3,327.38, which is the reasonable market value of the citrus fruit taken by appellee, after deducting the cost of harvesting, processing and marketing, amounting to the sum of $1,962.29, and as thus amended is affirmed. The above judgment in the sum of $3,327.38 will bear interest at the rate of 6% per annum from January 27, 1950, until paid.