Roy GREENLAND, Appellant,

v.

Ben A. PRYOR et al., Appellees.

No. 14015.

Court of Civil Appeals of Texas.
San Antonio.

July 18, 1962.

Rehearing Denied Sept. 5, 1962.

Strickland, Wilkins, Hall & Mills, Mission, for appellant.

Hill, King & McKeithan, Mission, for appellees.

POPE, Justice.

This is an appeal from an order granting a receivership over a tract of farm land and the crops produced from the land. Plaintiff, Ben A. Pryor, sued Roy Greenland and Clarence W. Burr for foreclosure of a deed of trust lien against the land and asked for a receivership over both the land and the crops. As of November, 1961, the sum of $17,500 was owing on the deed of trust note which Pryor holds. Burr was the maker of the note. At the time of the trial, Greenland was in sole possession, and Burr was out of possession of the land. Burr joined in Pryor's prayer for the receivership, which the court granted. Greenland asserts that the appointment of a receiver was wrong, because (1) Pryor's lien upon the land does not extend to the crops, and the land is more than ample security, (2)

Burr seeks a receivership but asks for no adjudication of his rights against Greenland in this action, and (3) the order appointing the receiver was not conditioned upon the applicants' making a bond, as required by Rule 695–a, Texas Rules of Civil Procedure. We sustain these contentions.

■ Section 1, Article 2293, Vernon's Tex.Civ.Stats., authorizes a receivership in an action by a creditor where, among other things, it is shown that the property or fund is in danger of being lost, removed or materially injured. Section 2 of the same article authorizes a receivership for a mortgagee in an action for foreclosure when he makes a similar showing, or that the property is probably insufficient to discharge the mortgage debt. A creditor, to be entitled to a receivership, is one who has a specific lien upon some specific fund or property belonging to the debtor. In other words, he must be a secured creditor. Carter v. Hightower, 79 Tex. 135, 15 S.W. 223; Comment, 40 Tex.Law Rev. 649. Pryor is a secured creditor only with respect to the land. His deed of trust lien does not extend to nor include the crops. Bowers v. Bryant-Link Co., Com.App., 15 S.W.2d 598; Gulf Stream Realty Co. v. Monte Alto Citrus Ass'n, Tex.Civ.App., 253 S.W.2d 933; McGarraugh v. McGarraugh, Tex.Civ.App., 177 S.W.2d 296; Zeigler v. Sawyer, Tex. Civ.App., 16 S.W.2d 894. Pryor has no rights in growing crops until they pass by a foreclosure sale, and then only if they have not previously been severed. Willis v. Moore, 59 Tex. 628; Standridge v. Vines, Tex.Civ.App., 81 S.W.2d 289; Ellwood v. Pollard, Tex.Civ.App., 46 S.W.2d 731; Zeigler v. Sawyer, supra; Sanger Bros. v. Hunsucker, Tex.Civ.App., 212 S. W. 514. Pryor, with respect to the land, is therefore a secured creditor; with respect to the crops, he is a general creditor. His proof and prayer relate to the dissipation of funds derived from the crops, but his lien does not prevent this.

■ Pryor has failed to prove his right to a receiver even with respect to the land upon which he holds security. He has failed to prove that the property is in danger of being lost or materially injured under Sections 1 and 2 of Article 2293. He has failed to prove that the property is probably insufficient to discharge the mortgage debt under Section 2 of the same article.

■ Burr, a co-defendant, also asked for a receiver. That was the only relief he sought. Burr, in a separate suit and in a different court, has sued Greenland. By that action he claims to be sole owner of the farm tract, and Greenland claims that they are partners. Burr v. Greenland, Tex. Civ.App., 356 S.W.2d 370. The rights between Burr and Greenland, both as to the land and the crops, will be determined in that case, not in this one. Burr, therefore, has his main suit filed separately from this one wherein he seeks only a receivership. Burr, in this suit, prays that the receiver sell the crops and apply the proceeds upon the debt. He prays that the receiver perform functions about a dispute which the appointing court is not asked to decide. This procedure violates the rule that the appointment of a receiver must be auxiliary to a suit about some right which constitutes an independent cause. Glaspy v. Grubbs, Tex.Civ.App., 110 S.W.2d 1188; Junkin v. Sterchi Furniture Co., Tex.Civ.App., 92 S.W.2d 1098; 75 C.J.S. Receivers § 5. Burr failed to prove his right to a receiver.

■ Greenland's final point is that the order appointing the receiver was not conditioned upon the applicants' compliance with Rule 695–a, T.R.C.P. The receiver made a bond, took his oath, and entered upon his duties as receiver. However, neither Pryor nor Burr made a bond conditioned for the payment of damages and costs in the event of a wrongful appointment of the receiver. This point, too, must be sustained. Compliance with Rule 695–a is a prerequisite to the appointment of a receiver. O'Connor v. O'Connor, Tex.Civ. App., 320 S.W.2d 384; Dinwitty v. McLemore, Tex.Civ.App., 291 S.W.2d 448, 452; Low Cost Homes Bldg. Co. v. Banks, Tex.

Civ.App., 228 S.W.2d 535; Bell v. Bell, Tex. Civ.App., 204 S.W.2d 527; Crittenden v. Heckman, Tex.Civ.App., 185 S.W.2d 495.

The order appointing a receiver must therefore be reversed as well as the injunction against Burr and Greenland not to interfere with the receiver. The orders for the receivership and injunction are dissolved.