TREETOP APARTMENTS GENERAL
PARTNERSHIP, Appellant,

v.

Stephen OYSTER, Appellee.

No. 3–90–083–CV.

Court of Appeals of Texas,
Austin.

Nov. 14, 1990.

Rehearing Overruled Dec. 12, 1990.

E. Richard Criss, Jr., Austin, for appellant.

Wesley G. Ritchie, Kendall, Randle, Finch & Osborn, Austin, for appellee.

Before GAMMAGE, CARROLL and ABOUSSIE, JJ.

CARROLL, Justice.

The purchaser of an apartment building at foreclosure sale sued the former owner for rents collected before the sale. The trial court granted judgment for the purchaser for a share of the rents and for attorney's fees. We will reverse and render in part, and reverse and remand in part.

BACKGROUND

Treetop Apartments General Partnership asks us in this case to uphold established law regarding a mortgagor's right to rents.

On November 7, 1988, Treetop lost the Treetop Apartments to Stephen Oyster at a foreclosure. Treetop had collected almost $8,000 of the November rents at the time of the sale.[1] After the foreclosure, Oyster

1. The apartment rents were actually collected     for Treetop by a "management company," and

brought this declaratory judgment suit against Treetop, seeking the portion of the collected rents that corresponded to the three weeks in November that Oyster owned the apartments. The trial court granted judgment for Oyster, awarding him the November rents prorated as of 12:00 noon on the day of sale, less about $2,000 in operating expenses owed by Treetop. The trial court also awarded Oyster attorney's fees.

Treetop challenges the trial court's judgment as contrary to settled Texas law. Oyster advances several arguments in defense of the trial court's judgment. First, Oyster contends that the rents conveyed with the property. Second, he argues that he is entitled to the rents because he ratified the leases pursuant to which they were paid. Finally, Oyster argues that Treetop does not have standing to attack the judgment on appeal. Unfortunately, Oyster cannot point to any Texas law to directly support his arguments.

### THE RENTS

#### 1. The Law

■■■■ Treetop contends that the trial court erred in holding that Oyster is entitled to a share of the collected rents. We agree. A purchaser at foreclosure acquires no more than the trustee has authority to convey. *First Southern Properties, Inc. v. Vallone*, 533 S.W.2d 339, 341 (Tex. 1976). In this case, the trustee's deed to Oyster conveys only the real property, and makes no mention of the rents. Moreover, the deed of trust that Treetop executed when it mortgaged the property did not give the trustee authority to convey any rights in the rents. Thus, the trustee could not and did not convey an interest in the rents to Oyster.

#### 2. Oyster's Severance Argument

■■■ Oyster contends that the rents nonetheless conveyed with the apartments because Treetop had not yet severed the

rents from the property at the time of the sale. We disagree.

A purchaser at foreclosure does not acquire title to rents or crops that the landowner has severed from the land prior to the foreclosure. *Standridge v. Vines*, 81 S.W.2d 289, 290 (Tex.Civ.App.1935, no writ). There are two kinds of severance, actual and constructive. It is settled law that a landowner may effect an actual severance of crops by harvesting them. *Gulf Stream Realty Co. v. Monte Alto Citrus Ass'n*, 253 S.W.2d 933, 936 (Tex.Civ.App. 1952, writ ref'd). It is also settled that both crops *and* rents may be constructively severed by pledging them to a third party. *Standridge*, 81 S.W.2d at 290.

We conclude that a landowner can effect an actual severance of rents by collecting them. This rule recognizes that rents, like crops, are incidents to real property that may become personal property. With rents, the transition to personal property logically occurs when the tenants pay the rent to the landlord. At this point, the rents have become tangible property (cash or checks) and are no longer an intangible right associated with the real property. Thus, in this case, Treetop severed the rents from the apartments when it collected them.

Treetop assigned the rents in its deed of trust to Lee Mortgage Corporation, the first lienholder in the real property. The parties disagree as to whether this assignment effected a constructive severance of the rents. We will not address this point because we conclude that, even if the rents had not been constructively severed, they were actually severed when Treetop collected them.

#### 3. Oyster's Other Arguments

■■■ Oyster advances two other arguments in support of his defense. First, Oyster contends that he is entitled to a pro rata share of the collected rents because he "ratified" the leases pursuant to which the November rents were paid. We disagree.

---

were in the management company's possession when Oyster bought the apartments. Oyster admitted in oral argument that the management

company was Treetop's agent and that possession or collection by it was tantamount to possession or collection by Treetop.

A foreclosure sale voids all junior leases. *Thomas v. Morrison*, 537 S.W.2d 274, 278–79 (Tex.Civ.App.1976, writ ref'd n.r.e.). A ratification revives the old lease as a new agreement between the purchaser and the tenant, but does not affect the rights of the mortgagor, who is not a party to the ratification. Accordingly, Oyster's ratification of the leases did not affect Treetop's right to the rents.

Second, Oyster argues that Treetop does not have standing to assert a claim to the rents because Treetop assigned them to Lee Mortgage Corporation in its deed of trust. We do not find this argument compelling. Treetop has possession of the rents and so clearly has an interest in them. In fact, Oyster sued Treetop in this case, so Oyster must believe that Treetop has an interest to defend. Oyster cannot now argue that we should affirm his judgment against Treetop because Treetop does not have standing to defend itself.

### THE ATTORNEY'S FEES

■ Both Oyster and Treetop requested attorney's fees. The trial court awarded fees to Oyster, apparently because he prevailed in his declaratory judgment suit. *See* Tex.Civ.Prac. & Rem.Code Ann. § 37.009 (1986). Because we have concluded that Oyster is not entitled to the rents, it would not be equitable and just to affirm that portion of the judgment that awards him attorney's fees. *Fajkus v. First Nat'l Bank of Giddings*, 735 S.W.2d 882, 887 (Tex.App.1987, writ den'd). We reverse and remand this portion of the judgment so the trial court can decide whether to award attorney's fees to Treetop, who is now the prevailing party in this lawsuit.

### CONCLUSION

We reverse that portion of the trial court's judgment that awards a pro rata share of the rents to Oyster, and instead render judgment that he take nothing on that claim. We also reverse that portion of the trial court's judgment that awards at-

torney's fees to Oyster, and remand that portion of the cause for reconsideration.

GAMMAGE, J., not participating.