ACKERMANN et al. v. BARTHOLOMAE et al.

No. 10762.

Court of Civil Appeals of Texas. San Antonio.

Oct. 30, 1940.

D. A. McAskill, A. William Sasse, Gus B. Mauermann, and Albert C. Buss, all of San Antonio, for appellants.

Charles Windberg, Jr., and Brown & Brooke, all of El Paso, for appellees.

NORVELL, Justice.

Appellants are the heirs of Natalie Bartholomae, deceased. Appellees, Ernst J. Bartholomae (a brother) and Mrs. Emma Baer (a sister), are the heirs of Wm. G. Bartholomae, deceased. Ernst J. Bartholomae is also administrator of his deceased

brother's estate. Natalie and Wm. G. Bartholomae were husband and wife, had no children, and both died intestate, the wife predeceasing the husband. The property involved consists of two tracts of land located in Bexar County, and referred to as the Live Oak Street property and the Kayton Avenue property. Appellants brought an action of trespass to try title. Judgment was entered for appellees after a trial to the court without a jury. Findings of fact and conclusions of law were filed. The case is before us on two assignments of error, one assignment relating to each of the properties involved.

We first consider the Live Oak Street property. We take our statements from the trial court's findings which have been examined and approved by us. The Live Oak Street property was the separate property of Natalie Bartholomae. She and her husband conveyed the same to J. M. Watson and Chas. C. Upham, retaining the superior legal title and a vendor's lien to secure the payment of a $27,400 purchase-money note. Watson and Upham in turn conveyed the property to W. E. Luter.

The purchase-money note was assigned by Bartholomae and wife to Petrich-Sauer Lumber Company as collateral security for a $6,000 note executed by them.

Natalie Bartholomae died and thereafter Wm. G. Bartholomae completed the payment of the $6,000 note originally payable to the Lumber Company, and the unpaid balance of the $27,400 note was re-assigned to him.

In settlement and payment of the note, Bartholomae accepted a conveyance of the Live Oak Street property from the beneficiaries under the last will and testament of W. E. Luter, deceased. He also received a conveyance from the independent executor of the Luter estate, reciting that the consideration therefore was the cancellation of the unpaid balance of the purchase-money note. Some time after this transaction, Wm. G. Bartholomae died.

Under their first assignment of error, appellants contend that Natalie Bartholomae retained the "superior legal title" to the property in the conveyance to Watson and Upham. That she never conveyed it to the Petrich-Sauer Lumber Company. That upon her death one-half of such title was inherited by appellants, and they are now entitled to one-half the property. The

briefs of both parties contain discussions as to whether or not the superior legal title passed from Natalie Bartholomae to the Lumber Company, and thence by various conveyances and assignments to Wm. G. Bartholomae. It it not necessary for us to pass on these contentions. We may assume that the superior legal title did not pass out of Natalie Bartholomae by the assignment to the Lumber Company. Upon her death one-half of this title passed to her husband, Wm. G. Bartholomae, and the other one-half passed to appellants, under the provisions of Article 2571, Vernon's Tex.Civ. Stats. The purchase-money note was personal property and under said article passed to the husband.

The executor and beneficiaries of the Luter estate paid that note by conveying their interest in the property to Wm. G. Bartholomae. By this transaction, the outstanding superior legal title which had its origin in the deed to Watson and Upham, terminated, and Wm. G. Bartholomae became the owner of the property in fee simple. Atteberry v. Burnett, 102 Tex. 118, 113 S.W. 526; Rooney v. Porch, Tex.Com. App., 239 S.W. 910; Evrage v. Lane, Tex. Civ.App., 21 S.W.2d 594; 43 Tex.Jur. p. 236, § 143. Upon Bartholomae's death his brother and sister inherited the property under the provisions of Article 2570, Vernon's Tex.Civ.Stats. Appellants' first assignment of error is overruled.

By their second assignment of error, appellants contend that the evidence shows that the Kayton Avenue property was purchased with the separate funds of Natalie Bartholomae and was therefore her separate property. That they are entitled to judgment for a one-half interest therein by virtue of the terms of Article 2570, supra. This property was purchased during the time Wm. G. and Natalie Bartholomae were husband and wife. The trial court held that there was no satisfactory evidence rebutting the presumption that the tract involved was community property. We have examined the evidence upon the question involved and approve the holding of the trial court. The Kayton Avenue property passed to Wm. G. Bartholomae on the death of his wife, Article 2578, Vernon's Tex.Civ.Stats., and thence to Ernst J. Bartholomae and Mrs. Emma Baer under Article 2570, supra. Appellants' second assignment is overruled.

The judgment of the trial court is affirmed.